IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 12, 2005 Session

## RHONDA D. DUNCAN v. ROSE M. LLOYD, ET AL.

**Direct Appeal from the Circuit Court for Davidson County**
**No. 01C-1459      Walter C. Kurtz, Judge**

_____

**No. M2004-01054-COA-R3-CV - Filed August 18, 2005**

_____

The trial court awarded summary judgment to Defendants based on Plaintiff's failure to respond to
Defendants' statements of undisputed facts.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and
Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S.,
and HOLLY M. KIRBY, J., joined.

Sam Wallace, Jr., Springfield, Tennessee, for the appellant, Rhonda D. Duncan.

Paul M. Buchanan and Julie Bhattacharya Peak, Nashville, Tennessee, for the appellee, Rose M.
Lloyd.

Marc O. Dedman, Nashville, Tennessee, for the appellee, The Tennessean Newspaper.

**OPINION**

This dispute arises from a 2000 automobile accident.  At approximately 3:00 AM on
September 10, 2000, Defendant Rose M. Lloyd (Ms. Lloyd) was traveling southbound in the
northbound shoulder of Clarksville Highway while delivering newspapers for The Tennessean
Newspaper ("The Tennessean").  Plaintiff Rhonda D. Duncan was traveling north in the northbound
lane and saw the headlights of Ms. Lloyd's vehicle coming toward her.  Believing Ms. Lloyd was
coming toward her in her lane of traffic, Ms. Duncan swerved to the shoulder and struck Ms. Lloyd's
vehicle.

In May 2001, Ms. Duncan filed an action against Ms. Lloyd seeking damages for personal
injury and property damage.  In her complaint, Ms. Duncan alleged damages including lost wages,
medical expenses, pain and suffering, and permanent disability. Ms. Duncan also named The

Tennessean as a Defendant under the doctrine of *respondeat superior.* Ms. Duncan sought damages of $100,000.

Ms. Lloyd and The Tennessean (collectively, Defendants) answered in June and August 2001, respectively. [1] In their answers, Defendants denied any negligence and alleged that Ms. Lloyd's vehicle was completely off the traveled portion of Clarksville Highway and stopped or nearly stopped when it was struck by Ms. Duncan. They asserted Ms. Duncan slammed on her brakes, skidded, lost control of her vehicle, left the roadway, and struck Ms. Lloyd's vehicle. Defendants asserted negligence and negligence *per se* on the part of Ms. Duncan as an affirmative defense, and submitted that Ms. Duncan was operating under the influence of alcohol at the time of the accident. They further submitted that the accident was not the proximate cause of Ms. Duncan's injuries and that Ms. Duncan was not less than 50% at fault and, therefore, could not recover. In the alternative, Defendants pled comparative fault.

On December 2, 2003, Ms. Lloyd served Ms. Duncan with a request for admissions. Ms. Duncan failed to respond or to request an extension of time to respond within thirty days as required by Tennessee Rule of Civil Procedure 36.01. On January 13, 2004, Ms. Lloyd filed a statement of undisputed facts and moved for summary judgment. In her motion, Ms. Lloyd asserted that, because Ms. Duncan had failed to respond to her December request for admissions, under Tennessee Rule of Civil Procedure 36.01 the requests were deemed admitted. The Tennessean adopted Ms. Lloyd's statement of undisputed facts and moved for summary judgment on February 2, 2004.

On January 16, 2004, Ms. Duncan filed a hand-written response to Ms. Lloyd's request for admissions. On February 17, 2004, Ms. Duncan filed a response to Defendants' motions for summary judgment, but did not include a statement of disputed facts. Ms. Duncan filed a portion of her deposition, excerpted answers to Ms. Lloyd's request for admissions, and a copy of the police diagram of the accident with her response. In her response, Ms. Duncan asserted that the answers to Ms. Lloyd's request for admissions were delivered to Ms. Lloyd before Ms. Duncan was served with Ms. Lloyd's motion for summary judgment.

A hearing on the matter was scheduled for March 19, 2004. On March 17, Ms. Duncan submitted a brief pointing to a factual dispute regarding the direction in which Ms. Lloyd's vehicle was traveling at the time of the accident, and asserting that the plain language of Tennessee Rule of Civil Procedure 36.01 permits the trial court to extend the time in which a party may respond to a request for admissions. On the same day, Ms. Duncan moved the court to allow the filing of her response to Ms. Lloyd's request for admission. Also on March 17, Ms. Lloyd moved the court to strike Ms. Duncan's March 17 brief from the record as untimely under Davidson County Local Rule 26.04(d).

---

[1]The Tennessean denied that it was a legal entity and noted that the proper legal description of this Defendant is Gannett Satellite Information Network, Inc. We will refer to the Defendant as The Tennessean for the purposes of this appeal.

Following a March 19, 2004, hearing of the matter, the trial court awarded summary judgment to Defendants on March 29, 2004. Ms. Duncan filed a timely notice of appeal to this Court.

## Issue Presented

The sole issue presented for our review is whether the trial court erred in granting Defendants' motions for summary judgment based upon Ms. Duncan's failure to respond to Defendants' statement of undisputed facts in accordance with Rule 56 of the Tennessee Rules of Civil Procedure.

## Standard of Review

Summary judgment is appropriate when the moving party can demonstrate that there are no disputed issues of material fact, and that it is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993). The party moving for summary judgment must affirmatively negate an essential element of the non-moving party's claim, or conclusively establish an affirmative defense. *McCarley v. West Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998).

When a party makes a properly supported motion for summary judgment, the burden shifts to the non-moving party to establish the existence of disputed material facts. *Id.* A mere assertion that the non-moving party has no evidence does not suffice to entitle the moving party to summary judgment. *Id.* Further, the non-moving party cannot merely rely on the pleadings, but must demonstrate that essential elements of a claim exist by: 1) pointing to evidence that creates a factual dispute; 2) re-enforcing evidence challenged by the moving party; 3) offering additional evidence which establishes a material dispute; 4) submitting a Tenn. R. Civ. P. 56.06 affidavit explaining the need for additional time for discovery. *McCarley*, 960 S.W.2d at 588.

When determining whether to award summary judgment, the trial court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Staples v. CBL & Assocs.*, 15 S.W.3d 83, 89 (Tenn. 2000). The court should award summary judgment only when a reasonable person could reach only one conclusion based on the facts and the inferences drawn from those facts. *Id.* Summary judgment is not appropriate if there is any doubt about whether a genuine issue of material fact exists. *McCarley*, 960 S.W.2d at 588. We review an award of summary judgment *de novo*, with no presumption of correctness afforded to the trial court. *Guy v. Mut. of Omaha Ins. Co.*, 79 S.W.3d 528, 534 (Tenn. 2002).

## Analysis

In its order awarding summary judgment to Defendants, the trial court stated:

This Court specifically finds that the Plaintiff did not respond to the Defendant's Statement of Undisputed Facts in accordance with Tennessee Rule of Civil Procedure 56.03. In light of the Tennessee Court of Appeals opinion in *Owens v. Bristol Motor Speedway, Inc.*, 77 S.W.3d 771 (Tenn. Ct. App. 2001), this Court finds that the Defendants Statement of Undisputed Facts are deemed admitted and undisputed. The Court further notes that in granting the Defendants Motions it is not relying solely on the Plaintiff's failure to respond to the Defendants request for admissions in accordance with Rule 36.01, but is instead deeming the Statement of Undisputed Facts admitted for the Plaintiff's failure to respond to same. Where each of the Statement of Undisputed Facts are admitted, this Court finds that all reasonable juries would find the Plaintiff's fault was fifty percent or more and, consequently, grants Defendants Motions.

Further, where the only basis of liability against the Defendant The Tennessean Newspaper is premised upon *respondeat superior*, this Court grants The Tennessean Newspaper's Motion for Summary Judgment as well.

The trial court's order and the transcript of the hearing of this matter make it clear that the trial court did not award summary judgment to Defendants based on Ms. Duncan's failure to respond to Ms. Lloyd's request for admissions in accordance with Rule 36.01 of the Tennessee Rules of Civil Procedure (Rule 36), but based on Ms. Duncan's failure to respond to Ms. Lloyd's motion for summary judgment in a manner comporting with Tennessee Rule of Civil Procedure 56 (Rule 56). In her brief to this Court, however, Ms. Duncan asserts she attached excerpted portions of her deposition and responses to Ms. Lloyd's requests for admissions to her response to the motion for summary judgment, and that these attachments are sufficient to meet the requirements of Rule 56.

Rule 56 provides, in pertinent part:

Specifying Material Facts

In order to assist the Court in ascertaining whether there are any material facts in dispute, any motion for summary judgment made pursuant to Rule 56 of the Tennessee Rules of Civil Procedure shall be accompanied by a separate concise statement of the material facts as to which the moving party contends there is no genuine issue for trial. Each fact shall be set forth in a separate, numbered paragraph. Each fact shall be supported by a specific citation to the record.

Any party opposing the motion for summary judgment must, not later than five days before the hearing, serve and file a response to each fact set forth by the movant either (i) agreeing that the fact is undisputed, (ii) agreeing that the fact is undisputed for purposes of ruling on the motion for summary judgment only, or (iii) demonstrating that the fact is disputed. Each disputed fact must be supported by specific citation to the record. Such response shall be filed with the papers in opposition to the motion for summary judgment.

> In addition, the non-movant's response may contain a concise statement of any additional facts that the non-movant contends are material and as to which the non-movant contends there exists a genuine issue to be tried. Each such disputed fact shall be set forth in a separate, numbered paragraph with specific citations to the record supporting the contention that such fact is in dispute.
>
> If the non-moving party has asserted additional facts, the moving party shall be allowed to respond to these additional facts by filing a reply statement in the same manner and form as specified above.

Tenn. R. Civ. P. 56.03.

The parties' statements of material facts submitted on a motion for summary judgment are "intended to alert the court to precisely what factual questions are in dispute and point the court to specific evidence in the record that supports a party's position on each of these questions. They are, in short, roadmaps, and without them the court should not have to proceed further, regardless of how readily it might be able to distill the relevant information from the record on its own." *Owens v. Bristol Motor Speedway, Inc.*, 77 S.W.3d 771, 774 (Tenn. Ct. App. 2001)(*perm. app. denied*)(quoting with approval, *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir.1994)). Although the trial court may, at its discretion, waive the requirements of the rule where appropriate, the court may also refuse to consider the factual contentions of a non-complying party even where such facts are ascertainable by the record. *Id.* The material facts set forth in the statement of the moving party may be deemed admitted in the absence of a statement controverting them by the opposing party. *Holland v. Memphis*, 125 S.W.3d 425, 428 (Tenn. Ct. App. 2003)(*perm. app. denied*). Accordingly, failure to file a response in opposition to a motion for summary judgment generally will prove fatal in the trial court and upon appeal. *Id.*

We begin our analysis by noting that this is not a case in which the non-moving party has failed to respond to a motion for summary judgment altogether, or has simply attempted to rely on the pleadings. Rather, this case raises the question of how specific a response must be in order to fulfill the requirements of Rule 56.

The only issue addressed by Ms. Duncan in her response to Ms. Lloyd's motion for summary judgment and statement of undisputed facts is that of the location of Ms. Lloyd's vehicle at the time of the accident. Ms. Duncan stated that she had answered twice under oath that Ms. Lloyd was not in the southbound lane of traffic as asserted by Ms. Lloyd in her statement of undisputed facts. Ms. Duncan referred the court to the "attached answer to interrogatories (excerpted) and the portion of the deposition . . . which deal with causation . . . . together with the diagram, drawn by a Metro Police Officer at the scene . . . ." Although Ms. Duncan did not file a separate statement of undisputed facts, she submitted the referenced excerpted portions of her deposition and answers to requests for admissions with her response. We believe that this response, together with the attached excerpted portion of Ms. Duncan's deposition and the police diagram, was sufficient to demonstrate a genuine issue of material fact regarding the location of Ms. Lloyd's vehicle at the time of the accident.

-5-

However, Ms. Duncan's response is not sufficient to dispute the remaining facts asserted by Ms. Lloyd in her statement of undisputed facts. These include that Ms. Duncan had consumed alcohol prior to the collision; that Ms. Lloyd's vehicle was entirely on the shoulder; that Ms. Lloyd's vehicle was at or near a complete stop at the time of the collision; that, according to Ms. Duncan's deposition, Ms. Duncan had no knowledge of where Ms. Lloyd's vehicle was located when she first saw it; that Ms. Duncan had advised a treating physician that she was traveling at 65 miles per hour when the collision occurred; that the speed limit on Clarksville Pike in the area where the collision occurred is 55 miles per hour; that Ms. Duncan told the investigating police office that she was not injured in the accident and that Ms. Duncan refused an ambulance at the scene of the accident; that, according to the records of a treating physician, any physical complaints from which Ms. Duncan suffers have been worsened by depression; and that Ms. Duncan voluntarily terminated her employment and her failure to return to employment is not related to any physical complaints from the collision. These facts were not addressed by Ms. Duncan in her response to Ms. Lloyd's Rule 56 motion. Accordingly, they are deemed admitted.

Ms. Duncan argues here and in the trial court that her response to Ms. Lloyd's Rule 36 request for admissions, which she contends was provided to Ms. Lloyd before Ms. Lloyd moved for summary judgment, is sufficient to demonstrate disputed facts. This argument simply fails to appreciate the requirements of Rule 56. As the trial court took pains to explain, regardless of whether Ms. Duncan fulfilled the requirements of Rule 36 regarding the request for admissions, her response to Ms. Lloyd's motion for summary judgment is insufficient to satisfy Rule 56, which governs motions for summary judgment. Merely informing the trial court that the record demonstrates disputed facts, without specifically addressing those facts in the response and specifically citing to portions of the record evidencing dispute, does not satisfy Rule 56. Any fact not *specifically* disputed *with* citations to the record to support the alleged dispute may be deemed admitted.

Our analysis of whether summary judgment was appropriate in light of the insufficiency of Ms. Duncan's response to Ms. Lloyd's motion for summary judgment does not end here, however. As noted, Ms. Duncan successfully demonstrated a dispute regarding the location of Ms. Lloyd's vehicle at the time of the accident, which is clearly a genuine issue of material fact. Further, at the hearing of the matter, Ms. Lloyd conceded that, contrary to the statement contained in her request for admissions, Ms. Lloyd was traveling south on the northbound shoulder (as alleged by Ms. Duncan) and not on the southbound shoulder.

Thus, the facts which are admitted or deemed admitted for the purposes of the summary judgment motion are:

Ms. Lloyd was traveling south in the northbound shoulder of Clarksville Highway at approximately 3:00 AM on September 10, 2000.

Ms. Lloyd's vehicle was entirely on the shoulder.

Ms. Lloyd's vehicle was at or near a complete stop at the time of the collision.
The speed limit on Clarksville Pike in the area where the collision occurred is 55 miles per hour.

Ms. Duncan advised a treating physician that she was traveling at 65 miles per hour when the collision occurred.

Ms. Duncan had consumed alcohol prior to the collision.

According to Ms. Duncan's deposition, Ms. Duncan had no knowledge of where Ms. Lloyd's vehicle was located when she first saw it.

Ms. Duncan told the investigating police office that she was not injured in the accident and she refused an ambulance at the scene of the accident.

According to the records of a treating physician, any physical complaints from which Ms. Duncan suffers have been worsened by depression.

Ms. Duncan voluntarily terminated her employment and her failure to return to employment is not related to any physical complaints from the collision.

We next turn to the trial court's determination that no reasonable jury would find that Ms. Duncan was not at least fifty percent at fault in light of these facts and that, accordingly, Ms. Duncan could not recover. We agree with the trial court. Additionally, The Tennessean cannot be found liable under the doctrine of *respondeat superior* where no liability has attached to its employee.

## Holding

In light of the foregoing, we affirm the judgment of the trial court awarding summary judgment to Defendants. Costs of this appeal are taxed to the Appellant, Rhonda D. Duncan, and her surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE