FILED
**Nov 29, 2022**
**01:58 PM(CT)**
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Gregory Thomas Brock | ) Docket No. 2021-02-0170 |
| | ) |
| v. | ) State File No. 800174-2021 |
| | ) |
| Dollar General Corporation, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Brian K. Addington, Judge | ) |

---

### Affirmed and Remanded

---

In this interlocutory appeal, the employer questions the trial court's denial of its motion for summary judgment. The employee alleged he suffered injuries to his neck, back, left shoulder, and left elbow as the result of a fall, as well as a mental injury as a result of work-related communications with a supervisor that the employee asserted were harassing and bullying in nature. The employer filed a motion for summary judgment, asserting that the employee's physical injuries did not arise primarily out of his employment and that his alleged mental injuries were not compensable under Tennessee law. Following a hearing, the trial court determined that the employer did not submit a proper statement of undisputed material facts to which the employee could respond and, therefore, concluded it could not find that there was no genuine issue of material fact. The court denied the employer's motion, and the employer has appealed. After a careful review of the record, we conclude for reasons other than those expressed by the trial court that the motion for summary judgment should be denied. Thus, we affirm the court's order and remand the case.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Meredith B. Weaver joined.

A. Allen Grant, Nashville, Tennessee, for the employer-appellant, Dollar General Corporation

Gregory Thomas Brock, Myrtle Beach, South Carolina, employee-appellee, pro se

1

**Factual and Procedural Background**

Gregory Thomas Brock ("Employee") was hired to work in Missouri as a district manager for Dollar General Corporation ("Employer") in June 2019. In November 2019, Employee informed his supervisor, regional manager Shawn Bartels, that he intended to move back east with his family because his wife had received a career opportunity in South Carolina. Employee agreed to remain in his position through June 2020 unless the company was able to transfer him and find a replacement for his district earlier. It is Employee's contention that Mr. Bartels was unhappy with Employee's decision.

Following this discussion, Employee asserts Mr. Bartels began to verbally harass and bully him in almost daily phone calls. Employee contends he attempted to continue his work but "felt many times I was slipping into depression." In a Rule 72 Declaration, Employee testified that he received abusive calls from Mr. Bartels "[a]t least five out of seven days" during the month of November. On November 28, Employee filed a complaint with one of Employer's human resources directors, and in December, he contacted the Regional Loss Prevention Manager. Employee states that Employer took no action regarding his complaints and that the allegedly abusive communications intensified. Employee testified that he began to have suicidal ideation in January 2020. On January 26, Employee flew to Goodlettsville, Tennessee for a corporate district managers' meeting. While there, he received an email from Mr. Bartels regarding purported problems with a form Employee had submitted. Employee described that email as triggering for him, causing him to reflect on the pattern of ongoing abuse. Thereafter, while Employee was pouring himself a cup of coffee in the break room, he "felt like a bolt of lightning going through my body, and all I know is all of a sudden, I fell and passed out." After Employee regained consciousness, he was transported by ambulance to Tristar Skyline Medical Center.

Employee was treated in the emergency room by Dr. Katrina Green, to whom he provided a history of "going to pour some coffee when he began feeling very dizzy and then passed out." Employee was unsure whether he struck his head but indicated he had a mild headache that was "more severe today since 10am." He denied any recent trauma, chiropractic manipulation, chest pain, or shortness of breath but stated he was "working 16-18 hour days recently and not getting much sleep." Objective testing did not reveal any acute injuries as a result of his fall, although imaging showed a left vertebral artery stenosis/occlusion. An on-call neurologist felt "that in this setting it was likely an incidental and chronic finding." Employee had a normal neurologic exam, was provided medication, and advised to follow-up with his primary care physician when he returned to South Carolina.

Following his release, Employee returned to Myrtle Beach and was seen by his primary care physician, Dr. Virginia Bell. Employee contends he is still receiving medical treatment for anxiety, depression, left knee, left shoulder, lower back, and neck complaints.

2

On March 25, 2021, Employee filed a petition for benefits, and, following an unsuccessful mediation, a dispute certification notice was issued in August 2021. Subsequently, Employer propounded discovery to Employee, and the trial court issued an order setting a show cause hearing after Employee failed to file a request for a hearing within 60 days of the issuance of the dispute certification notice. *See* Tenn. Comp. R. & Regs. 0800-2-21-.11(1) ("If no request for hearing is filed within sixty (60) days after the dispute certification notice is filed, the clerk will set a show-cause hearing.") After the show cause hearing, the trial court allowed Employee to proceed with his claim, and on May 17, 2022, Employee filed a request for expedited hearing. The trial court subsequently entered an agreed scheduling order that included an August 31, 2022 deadline for filing motions for summary judgment. On August 5, 2022, Employer filed a motion for summary judgment, along with a statement of undisputed material facts, a memorandum of law, and exhibits, including witness affidavits. Employee filed a response on August 30, 2022, and a telephonic motion hearing was held on September 6, 2022. On September 14, the trial court issued an order denying the motion for summary judgment after concluding that Employer "did not submit material facts to which [Employee] could respond." Employer has appealed.

**Standard of Review**

The grant or denial of a motion for summary judgment is a matter of law that we review de novo with no presumption that the trial court's conclusions are correct. *See Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). Thus, we must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Id.* In reviewing a trial court's decision on a motion for summary judgment, we are to review the evidence in a light most favorable to the nonmoving party and draw all reasonable inferences in favor of the nonmoving party. *Lyles v. Titlemax of Tenn., Inc.*, No. W2017-00873-SC-WCM-WC, 2018 Tenn. LEXIS 520, at *5 (Tenn. Workers' Comp. Panel Sept. 14, 2018). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2021).

**Analysis**

Employer contends the trial court erred in denying its motion for summary judgment based on the finding that Employer did not include a proper statement of undisputed facts with its motion. In its brief on appeal, Employer contends the trial court erred because it treated Employer's motion as if it were a Rule 12 motion to dismiss and failed to consider properly filed materials outside the pleadings. Specifically, Employer asserts the court did not consider the deposition testimony of Employee, Employee's responses to Employer's Requests for Admission, or affidavits submitted by Employee's co-workers, as is proper under Rule 56 of the Tennessee Rules of Civil Procedure.

3

The Tennessee Supreme Court has explained the requirements for a movant to prevail on a motion for summary judgment:

> [W]hen the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense. We reiterate that a moving party seeking summary judgment by attacking the nonmoving party's evidence must do more than make a conclusory assertion that summary judgment is appropriate on this basis. Rather, Tennessee Rule 56.03 requires the moving party to support its motion with "a separate concise statement of material facts as to which the moving party contends there is no genuine issue for trial." Tenn. R. Civ. P. 56.03. "Each fact is to be set forth in a separate, numbered paragraph and supported by a specific citation to the record."

*Rye*, 477 S.W.3d at 264-65. Furthermore, as relevant to the issues presently before us on appeal, Rule 56.04 of the Tennessee Rules of Civil Procedure provides, in part:

> Subject to the moving party's compliance with Rule 56.03, the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The trial court shall state the legal grounds upon which the court denies or grants the motion, which shall be included in the order reflecting the court's ruling.

In its order, the trial court indicated it considered Employer's motion for summary judgment, including its statement of undisputed facts, the affidavit of Shawn Bartels, and medical records submitted by Employee. However, with regard to the substance of Employer's motion, the trial court noted that Employer "did not submit material undisputed facts to which [Employee] could respond. Rather, it submitted [Employee's] beliefs, allegations, and contentions about the cause of his accident and injuries." As a result, the court concluded it was unable to find that there were no genuine issues of material fact and denied Employer's motion. Employer argues in its brief that Employee's beliefs, allegations and contentions are "material facts" and relevant to whether the claim is compensable.

The purpose of the requirements of Rule 56.03 "is to 'assist the Court in focusing on the crucial portions of the record' in determining whether there is a genuine issue requiring a trial on the merits." *Owens v. Bristol Motor Speedway, Inc*, 77 S.W.3d 771,

4

774 (Tenn. Ct. App. 2001) (quoting Advisory Committee Comment to Tenn. R. Civ. P. 56.03).  The Tennessee Court of Appeals provided the following guidance in this regard:

> The statements of material facts filed by the parties on a motion for summary judgment "are not merely superfluous abstracts of the evidence.  Rather, they are intended to alert the court to precisely what factual questions are in dispute and point the court to the specific evidence in the record that supports a party's position on each of these questions.  They are, in short, roadmaps, and without them the court should not have to proceed further, regardless of how readily it might be able to distill the relevant information from the record on its own."

*Id.* at 774 (citing *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994)).

In the matter on appeal, Employer drafted sixteen statements of undisputed material facts in support of its motion for summary judgment.  A number of the statements, however, did not purport to state "undisputed material facts" as contemplated in Rule 56.03.  Instead, these statements were prefaced with phrases like "Employee is alleging," "Employee does not believe," "Employee is unsure," and "Employee contends."  Others were properly phrased as statements of undisputed material facts.  Each statement was supported by a specific citation to the record, and Employee provided a response to each statement, several of which he admitted.  On appeal, Employer contends that its statement of undisputed material facts was not deficient and was worded to avoid conceding any determinative issue.  Employer also contends the trial court erred by not taking into consideration evidentiary materials outside of the pleadings.

In short, the statements of undisputed material facts that were subsequently admitted by Employee should have been considered by the Court in accordance with Rule 56.  However, even though Employee did respond to them, the other statements of undisputed material facts as expressed by Employer were couched in terms of Employee's beliefs and contentions, making it impossible for the trier of fact to ascertain whether the determinative facts going to the merits of the claim are, indeed, undisputed.  For example, what Employee *believes* to be the cause of his injuries is not determinative of the compensability of the claim.  In considering the statements of undisputed material facts that were admitted as true by Employee, and disregarding those that were stated incorrectly, we cannot conclude Employer met its burden of production as required by Rule 56.03 and, therefore, there is no need to analyze whether Employee came forward with sufficient evidence to create a genuine issue of material fact.[1]

---

[1] For example, in statement of undisputed material fact number 15, Employer asserted that "Employee *contends* his mental conditions/illnesses were caused by numerous communications . . . with [Mr. Bartels] that took place over the course of several months."  (Emphasis added.)  In response, Employee "admitted" that those communications "inflict[ed] emotional stress."  Yet, it remains a mixed question of law and fact regarding whether, under the circumstances of this case, a "set of incidents . . . identifiable by time and

Accordingly, we conclude the statement of undisputed facts as submitted by Employer, which was an essential element of a proper motion for summary judgment, was insufficient to meet Employer's burden of production under Rule 56.03. Because a court's obligation to consider materials outside the pleadings pursuant to Rule 56.04 is "[s]ubject to the moving party's compliance with Rule 56.03," the court did not err in denying the motion.

## Conclusion

For the foregoing reasons, we affirm the decision of the trial court and remand the case. Costs on appeal are taxed to Employer.

---

place of occurrence," *see* Tennessee Code Annotated section 50-6-102(12)(A) (2022), led directly to a "sudden or unusual mental stimulus" as described in Tennessee Code Annotated section 50-6-102(15) (2022). Because of the way the original statement was phrased, neither Employer's statement nor Employee's response speaks to the merits of the dispositive issue.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Gregory Thomas Brock | ) | Docket No. 2021-02-0170 |
| | ) | |
| v. | ) | State File No. 800174-2021 |
| | ) | |
| Dollar General Corporation, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Brian K. Addington, Judge | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 29th day of November, 2022.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| A. Allen Grant<br>Ben Norris | | | | X | agrant@eraclides.com<br>bnorris@eraclides.com |
| Gregory Brock | | | | X | brockcommunications911@gmail.com |
| Brian K. Addington, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |



Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov