IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 27, 2001 Session

PHILIP OWENS, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY
SITUATED v. BRISTOL MOTOR SPEEDWAY, INC.

Appeal from the Circuit Court for Sullivan County
No. C10815(L)      Richard E. Ladd, Judge

FILED DECEMBER 19, 2001

No. E2000-02667-COA-R3-CV

In this putative class action suit, the plaintiff, Philip Owens, alleges that the defendant, Bristol Motor
Speedway, Inc. ("Bristol Speedway"), engaged in a conspiracy to fix the prices of souvenirs sold at
its racetrack. The trial court denied certification of the alleged class and granted Bristol Speedway's
motion for summary judgment as to the plaintiff's individual claims. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HOUSTON M. GODDARD,
P.J., and D. MICHAEL SWINEY, J., joined.

Gordon Ball, Knoxville, Tennessee, for the appellant, Philip Owens, on behalf of himself and all
others similarly situated.

Kurt J. Pomrenke and Timothy W. Hudson, Bristol, Virginia, and Fred T. Lowrence and Michael
G. Adams, Charlotte, North Carolina, for the appellee, Bristol Speedway, Inc.

OPINION

I.

On February 19, 1999, the plaintiff filed this action alleging that the defendant, Bristol
Speedway, engaged in a price-fixing conspiracy with vendors[1] who sold souvenirs at the defendant's

---

[1] While some, but apparently not all, of these vendors are mentioned in the complaint, they are not parties to
this action.

racetrack in violation of the so-called Trade Practices Act, T.C.A. § 47-25-101, *et seq.*; the Tennessee Consumer Protection Act, T.C.A. § 47-18-101, *et seq.*; and the common law.[2]

The plaintiff sought class action certification. The proposed class was defined as "[a]ll repeat ticket holders of NASCAR-sanctioned Winston Cup and/or Busch Races held at [Bristol Speedway] between the time January 1, 1991 and January 1, 1997 and who purchased merchandise or souvenirs from vendors at [the defendant's racetrack] that were subjected to minimum price-fixing by the Defendant." The trial court denied the plaintiff's motion to certify the proposed class. The action then proceeded, but only as to the plaintiff's individual claims.

On July 28, 2000, Bristol Speedway filed a motion for summary judgment, arguing, *inter alia*, that there was no evidence it engaged in a price-fixing conspiracy or that the plaintiff purchased souvenirs from a vendor participating in the alleged conspiracy. It further asserted that the plaintiff's claims were barred by the applicable statutes of limitations. In support of its motion, the defendant filed a statement of "undisputed" material facts pursuant to Tenn. R. Civ. P. 56.03, along with the affidavits and depositions cited in the statement. The motion was set for argument on August 31, 2000.

On August 29, 2000, two days before the summary judgment hearing, the plaintiff filed the affidavits of two vendors, Rocky Wagner and Steven R. Crutchfield. It was not until August 30, 2000, that the plaintiff filed a response to the statement of material facts submitted by Bristol Speedway. The plaintiff's response contains some citations to the previously-filed affidavits, as well as to depositions that accompanied the plaintiff's response. The plaintiff also filed a memorandum of law, which contains a statement of all of the facts alleged by the plaintiff to be in dispute, including some facts that are in the record but are not referred to in the plaintiff's response to the defendant's Rule 56.03 statement.

At the hearing below, the trial court declared that it would not consider any facts relied upon by the plaintiff that were not cited in the plaintiff's response to the defendant's statement of material facts. Based upon the Rule 56.03 statements filed by the parties and the portions of the record cited therein, the trial court found that there was a genuine issue of material fact as to whether Bristol Speedway engaged in a price-fixing conspiracy; nevertheless, it granted the defendant's summary judgment motion, finding that there was no evidence that the plaintiff purchased a souvenir at a "fixed" price from an alleged member of the conspiracy. Moreover, the trial court found that the plaintiff's claims were barred by the applicable statutes of limitations.

The plaintiff appeals, raising three issues:

---

[2]The plaintiff asserts various common law claims, including civil conspiracy, unjust enrichment/restitution, money had and received, and voluntary payment/mistake of fact.

1. Did the trial court err by applying Tenn. R. Civ. P. 56.03 in an "unjustifiably mechanistic fashion," thereby excluding evidence properly submitted by the plaintiff?

2. Did the trial court err in holding that the plaintiff's claims are barred by the applicable statutes of limitations?

3. Did the trial court err in refusing to certify the requested class in this case?

## II.

Our standard of review of a grant of summary judgment is well-settled. Our inquiry involves only a question of law, with no presumption of correctness as to the trial court's decision. ***Robinson v. Omer,*** 952 S.W.2d 423, 426 (Tenn. 1997); ***Byrd v. Hall,*** 847 S.W.2d 208, 210 (Tenn. 1993). The moving party has the initial burden of producing competent, material evidence reflecting that there are no genuine issues of material fact and that it is entitled to summary judgment as a matter of law. *See **Byrd,*** 847 S.W.2d at 211. In evaluating the evidence in the summary judgment context, we must view the evidence in the light most favorable to the nonmoving party, and we must draw all reasonable inferences in favor of that party. *Id.* at 210. Summary judgment is appropriate only when there are no genuine issues of material fact and when the undisputed material facts entitle the moving party to a judgment as a matter of law. Tenn. R. Civ. P. 56.04; ***Byrd,*** 847 S.W.2d at 211.

## III.

The plaintiff argues that the trial court erred in applying Tenn. R. Civ. P. 56.03 in an "unjustifiably mechanistic fashion" when it refused to consider evidence contained in the discovery materials filed by the plaintiff but not referred to in his Rule 56.03 response to the defendant's statement of material facts. The plaintiff insists that "he could have created a genuine question of material fact...had the Trial Judge not excluded large portions of his evidence." The plaintiff contends that the trial court's action was especially unwarranted in light of the fact that the memorandum of law filed along with his response contains a concise statement of all of the facts relied upon by the plaintiff, along with appropriate citations to the record. At the very least, the plaintiff contends, he should have been granted a continuance to allow him time "to configure his documents into the Court's preferred format."

Rule 56.03 requires the party seeking summary judgment to provide "a separate concise statement of the material facts as to which the moving party contends there is no genuine issue for trial." Tenn. R. Civ. P. 56.03. Each fact must be set forth in a separate, numbered paragraph along with a specific citation to the record. *Id.* The nonmoving party must file a response to each fact set forth by the moving party and either (1) agree that the fact is undisputed; (2) agree that the fact is undisputed for the purposes of the motion; or (3) demonstrate with a specific citation to the record that the fact is disputed. *Id.* Rule 56.03 further provides

the non-movant's response may contain a concise statement of any additional facts that the non-movant contends are material and as to which the non-movant contends there exists a genuine issue to be tried. Each such disputed fact shall be set forth in a separate, numbered paragraph with specific citations to the record supporting the contention that such fact is in dispute.

*Id.* The purpose of these requirements is to "assist the Court in focusing on the crucial portions of the record" in determining whether there is a genuine issue requiring a trial on the merits. *See* Advisory Committee Comment to Tenn. R. Civ. P. 56.03.

This Court has recognized that a nonmoving party's failure to comply with Rule 56.03 may result in the trial court's refusal to consider the factual contentions of the nonmoving party even though those facts could be ascertained from the record. *See **Simmons v. Harris,*** C/A No. M2000-00227-COA-R3-CV, 2000 WL 1586451, at *3 (Tenn. Ct. App. W.S., filed October 25, 2000), *perm. app. denied* April 16, 2001. As the United States Court of Appeals for the Seventh Circuit has noted, the statements of material facts filed by the parties on a motion for summary judgment

are not merely superfluous abstracts of the evidence. Rather, they are intended to alert the court to precisely what factual questions are in dispute and point the court to the specific evidence in the record that supports a party's position on each of these questions. They are, in short, roadmaps, and without them the court should not have to proceed further, regardless of how readily it might be able to distill the relevant information from the record on its own.

***Waldridge v. American Hoechst Corp.,*** 24 F.3d 918, 923 (7th Cir. 1994). Of course, a trial court, acting within its discretion, may waive the requirements of the rule in an appropriate situation, *see **Butler v. Diversified Energy, Inc.,*** C/A No. 03A01-9804-CV-00146, 1999 WL 76102, at *3 (Tenn. Ct. App. E.S., filed January 28, 1999); however, considering the discretionary nature of the decision before us, we cannot say that the trial court in the instant case erred when it refused to waive the strict requirements of the rule, especially in light of the fact that the plaintiff's response to the defendant's statement of material facts and the memorandum of law in support thereof were not filed until the day before the hearing and could have been disregarded on that basis alone. *See* Tenn. R. Civ. P. 56.03 (requiring nonmoving party to file response no later than five days before the summary judgment hearing).

Furthermore, we cannot say that the trial court erred in denying the plaintiff's motion for a continuance. "An appellate court cannot interfere with the trial court's decision unless such decision constitutes an abuse of discretion and causes prejudice to the party seeking the stay or continuance." ***Sanjines v. Ortwein and Assocs., P.C.,*** 984 S.W.2d 907, 909 (Tenn. 1998). The instant case is not merely a question of materials not being presented in the trial court's "preferred format," as suggested by the plaintiff. It is Rule 56.03 that sets forth the *required* format. The plaintiff failed

to comply with that rule when he did not set forth in his response all of the facts that he contends are in dispute.[3] The trial court acted within its discretion in choosing to strictly enforce those requirements. We cannot say that the trial court abused its discretion in denying the plaintiff a continuance to bring his filings in compliance with Rule 56.03.

Upon reviewing the statements of material facts submitted by the parties, and the portions of the record cited therein, we agree with the trial court that there is no evidence that the plaintiff purchased any souvenirs at a "fixed" price from a member of the alleged price-fixing conspiracy. The undisputed facts demonstrate that the plaintiff cannot identify any of the vendors from whom he purchased souvenirs. Furthermore, the plaintiff admitted that he does not know whether he bought any souvenirs from any vendors that participated in the alleged price-fixing conspiracy. Because the plaintiff's own testimony conclusively demonstrates that he cannot prove he was a victim of the alleged conspiracy, we affirm the trial court's grant of summary judgment as to his individual claims.

Because we have determined that there is no evidence that the plaintiff purchased souvenirs at a "fixed" price from a member of the alleged price-fixing conspiracy, we do not find it necessary to address whether the plaintiff's claims are barred by the applicable statutes of limitations. Moreover, because the plaintiff cannot make out his individual claims, the issue of whether he is otherwise an appropriate class representative is a moot question. He cannot represent a class of which he is not a member. *See, e.g., First Am. Nat'l Bank v. Hunter,* 581 S.W.2d 655, 657 (Tenn. Ct. App. 1978) (finding that party could not represent a class based upon the defense of usury because his usury claim had been disallowed); *see also* Tenn. R. Civ. P. 23.01 (requiring class representative to have "claims or defenses...typical of the claims or defenses of the class").

IV.

The judgment of the trial court is affirmed. This case is remanded for collection of costs assessed below, pursuant to applicable law. Costs on appeal are taxed to the appellant, Philip Owens.

_____
CHARLES D. SUSANO, JR., JUDGE

---

[3]The plaintiff argues that Rule 56.03 does not mandate that additional facts be set forth in his response because the Rule provides that "the non-movant's response *may* contain a concise statement of any additional facts that the non-movant contends are material." (Emphasis added). We disagree with the plaintiff's interpretation that the inclusion of any additional material facts relied upon by the plaintiff is optional. We read Rule 56.03 as acknowledging that the nonmovant's defensive posture may be by way of demonstrating that the movant's facts are not undisputed *or* that there are "additional" facts that reflect a genuine issue of material fact.