IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 4, 2002 Session

## PACIFIC DESIGN VENTURES, INC., ET AL. v. BIG RIVER BREWERIES, INC., ET AL.

Appeal from the Chancery Court for Davidson County
No. 96-438-I     Irvin H. Kilcrease, Jr., Chancellor

No. M2001-02395-COA-R3-CV - Filed March 28, 2003

The Chancery Court of Davidson County granted summary judgment and dismissed appellants' suit. On appeal, the appellants argue the Chancellor erred in striking their response to appellees' statement of undisputed facts, amended complaint and affidavit supporting the amended complaint as being late-filed. We find the Chancellor did not abuse his discretion, and we also find summary judgment was appropriate. Therefore, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed and Remanded**

ALLEN W. WALLACE, SP. J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S. and PATRICIA J. COTTRELL, J., joined.

Kenneth R. Jones, Jr., Nashville, Tennessee, for the appellants, Pacific Design Ventures, Inc., Randall A. Waters, Jack F. Smart, and Kevin L. McGhee.

Robert E. Boston and W. Travis Parham, Nashville, Tennessee, for the appellees, Big River Breweries, Inc., 111 Broadway Partners, L.P., Leonard Kinsey & Associates, Ltd., Randy Hammock, and Tim P. Hennen.

**OPINION**

**I.**

Pacific Design Ventures, Inc., a Nashville costume and prop-building company leased a warehouse located at 111 Broadway that it hoped to turn into a nightclub. While seeking financing, the company's principals met representatives of a Chattanooga restaurant chain, Big River Breweries, Inc., looking for a Nashville location. The two companies formed a limited partnership, 111 Broadway Partners, with Big River as general partner, for the purpose of improving the warehouse so the first floor could serve as a restaurant while the top two floors would be a

restaurant, retail, or entertainment venture run by Pacific Design. As construction began, though, the parties' relationship quickly deteriorated. Both sides blamed the other for failing to satisfy their initial obligations. Pacific Design lost funding and claimed Big River commenced building in such a way as to drive it out. Big River claimed Pacific Design misrepresented its financing and failed to meet its partnership obligations.

## II.

The complaint was filed in this case on the 8th day of February 1996. After the case had been pending for almost a year, the trial court entered an order on February 5, 1997 requiring that the case be disposed of or set for trial by May 12, 1997. On June 3, 1997, the trial court entered an order dismissing the case for failure to prosecute. The trial court subsequently set aside this order on June 27, 1997. Various orders not pertinent to the issues at hand were filed by the trial court throughout 1997, 1998 and 1999.

On July 3, 2000, Big River Breweries Inc., 111 Broadway Partners, L.P., and other defendants filed motions for summary judgment with a statement of undisputed facts, pursuant to Rule 56.03 of the Tennessee Rules of Civil Procedure. These motions were scheduled to be heard on August 18, 2000. On August 14, 2000, Pacific Design filed a motion for additional time to respond, and, over Big River's objections, the trial court granted Pacific Design's request and set the hearing for October 6, 2000.

On October 2, 2000, the Pacific Design plaintiffs filed an affidavit of Randall A. Waters and a motion for leave to file a lengthy amended complaint. On October 4, 2000, Pacific Design responded to Big River's statement of undisputed facts. This was two (2) days before the scheduled hearing, and the next day Big River filed a motion to strike Pacific Design's Rule 56.03 response and Mr. Waters's affidavit.

At the scheduled hearing on October 6, 2000, the parties appeared, but due to the court's schedule, the motions could not be heard. The court "thus froze the record herein as it stood on October 6, 2000" and rescheduled the hearings for October 23, 2000.

After hearing oral arguments on October 23, 2000, the court granted Big River's motion to strike Pacific Design's Rule 56.03 response and Mr. Waters's affidavit. The trial court then denied Pacific Design's motion for leave to file its amended complaint. Based upon the record before it, the trial court granted summary judgment to Big River on the claims against it, reserving Big River's counterclaims. The court certified its judgment as final pursuant to Tenn. R. Civ. P. 54.02. Thus, this appeal presents two questions: (1) whether the trial court properly struck, or refused to consider, Pacific Design's response to Big River's statement of undisputed facts, and (2) whether, accepting Big River's statement of undisputed facts as undisputed, the trial court correctly determined that Big River was entitled to a judgment of the claims against it as a matter of law.

## III.
### THE MOTION TO STRIKE

The first issue in this case is whether the trial court abused its discretion in striking Pacific Design Ventures, Inc.'s response to Big River Breweries, Inc.'s statement of undisputed facts, and denying Pacific Design Ventures, Inc.'s motion for leave to file their amended complaint.

### A. THE AMENDED COMPLAINT

When a motion to amend has been filed after a motion for summary judgment, the motion is then reviewed under a more restrictive standard than the "freely given" language provided in Rule 15.01 of the Tennessee Rules of Civil Procedure. See *Harris v. City of Auburn*, 27 F.3d 1284 (7th Cir. 1994) and the unpublished opinion of this Court in *Kwan v. Doe*, App. No. M2000-03208-COA-R3-CV, filed February 14, 2002.

The complaint in this case was filed in February of 1996. The defendants filed a motion for summary judgment on July 3, 2000 and scheduled it for a hearing on August 18, 2000. The plaintiffs succeeded in staving off the hearing until October 6. On October 2, almost two months later, the plaintiffs filed a motion to amend the complaint. We fail to see any justification in the record for the delay of four and a half years in moving to amend the complaint. Therefore, we think the trial court acted within its discretion in denying the motion to amend. *See George v. Bldg. Materials Corp.*, 44 S.W.3d 481 (Tenn. 2001).

### B. THE RULE 56.03 RESPONSES

Tennessee Rule of Civil Procedure 56.03 provides:

> Any party opposing the motion for summary judgment must, not later than five days before the hearing, serve and file a response to each fact set forth by the movant either (i) agreeing that the fact is undisputed, (ii) agreeing that the fact is undisputed for purposes of ruling on the motion for summary judgment only, or (iii) demonstrating that the fact is disputed. Each disputed fact must be supported by specific citation to the record. Such response shall be filed with the papers in opposition to the motion for summary judgment.

This court recently emphasized the importance of this section of our rules:

> "[T]he statements of material facts filed by the parties on a motion for summary judgment are not merely superfluous abstracts of the evidence. Rather, they are intended to alert the court to precisely what factual questions are in dispute and point the court to the specific evidence in the record that supports a party's position on

each of these questions. There are, in short, roadmaps, and without them the court should not have to proceed further, regardless of how readily it might be able to distill the relevant information from the record on its own."

*Owens v. Bristol Motor Speedway,* 77 S.W.3d 771 (Tenn. Ct. App. 2001).

Thus, even if the record does contain disputed material facts, the burden is on the party relying on the dispute to put the facts before the court in a timely fashion in order to avoid summary judgment. The court also said that the fact that the plaintiffs' response to the defendants' statement of material facts was not filed until the day before the hearing would have justified the court in disregarding it "on that basis alone." *Id.* at 775.

It would do little good to recite once again how much time had passed since the filing of the complaint. If we focus solely on the time that passed after the defendants filed their motion for summary judgment we find that the plaintiffs failed not once, not twice, but three times to timely file their response to the statement of undisputed facts. Instead of approximately twenty-five days to file the response in the normal case, the plaintiffs had approximately ninety days in this case, and the response, when it finally arrived, consisted of an affidavit that attempted to adopt the facts recited in an amended complaint.

We think the trial court was justified in refusing to consider the plaintiffs' response to the defendants' statement of undisputed facts.

**IV.**

Having determined that the trial court acted within its discretion in striking the late-filed response to statement of undisputed facts, we must now determine whether, under those undisputed facts, Big River was entitled to judgment as a matter of law.

The standards governing an appellate court's review of a Motion for Summary Judgment are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the lower court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been met. *Staples v. CBL & Assos., Inc., et al.*, 15 S.W.3d 83 (Tenn. 2000); *Hunter v. Brown*, 955 S.W.2d 49 (Tenn. 1997); *Cowden v. Sovran Bank/Central South*, 816 S.W.2d 741 (Tenn. 1991). On appeal, this court must view the evidence in the light most favorable to the non-moving party and must draw all reasonable inferences in the non-moving party's favor. *Staples v. CBL & Assoc., supra*.

The defendants raised the defense of unclean hands in their motion for summary judgment. The plaintiffs did not address this issue in their responsive memorandum. We would, therefore, be justified in disregarding their argument on this issue on appeal. *See Alexander v. Armentrout*, 24 S.W.3d 267 (Tenn. 2000); *Lawrence v. Stanford*, 655 S.W.2d 927 (Tenn. 1983). But beyond that

threshold we have reviewed the defendants' basis for the defense and have found that the undisputed facts support the defense.

In July of 1994 Pacific Design prepared and sent to their proposed financier a letter setting forth a description of the events that had taken place up to that point. The letter, signed by all of the Pacific Design principals, stated in startling detail how Big River had been misled by Pacific Design's "group" about its solidarity and the build-out cost of the facility.

An unclean hands defense defeats a claim where the claimant "has himself been guilty of unconscientious, inequitable, or immoral conduct . . . or if his claim to relief grows out of, or depends upon, or is inseparably connected with his own prior fraud." *Continental Bankers Life Ins. Co. v. Simmons*, 561 S.W.2d 460, 465 (Tenn. Ct. App. 1977). Although this defense is most often applied in cases seeking equitable relief, it also applies to legal claims. *Id.* at 464; *Farmers & Merchants Bank v. Templeton*, 646 S.W.2d 920 (Tenn. Ct. App. 1982).

We think the undisputed facts also show that the plaintiffs had committed a material breach of the contract. Pacific Design could not secure financing and failed to pay the invoices submitted to it by Big River, despite repeated demands and assertions of default. For this additional reason we hold that summary judgment for the defendants was properly granted.

## V.

The judgment of the trial court is affirmed and the cause remanded to the Chancery Court of Davidson County for any further proceedings necessary. Costs of this appeal are taxed equally to Pacific Design Ventures, Inc., Randall A. Waters, Jack F. Smart, and Kevin L. McGhee, and their surety for which execution may issue if necessary.

_____
ALLEN W. WALLACE, SPECIAL JUDGE