IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 15, 2005 Session

## JOEL T. SHUMAN v. SHARON LOUISE ALDER SHUMAN

**Direct Appeal from the Fourth Circuit Court for Knox County**
**No. 83751     Hon.  Bill Swann, Circuit Judge**

---

**No. E2005-00846-COA-R3-CV  - FILED JANUARY 30, 2006**

---

After the divorce where the wife was awarded alimony for two years, the wife petitioned the Court for alimony in futuro, which the Trial Court granted.  On appeal, we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

John D. Lockridge, Knoxville, Tennessee, for appellant.

Bill W. Petty, Knoxville, Tennessee, for appellee.

## OPINION

At the time the parties were divorced in December of 2000, the Divorce Decree included:

That Plaintiff shall pay alimony to the Defendant in the sum of $1,000.00, per month for twelve consecutive months commencing January 12, 2001, and on the twelfth day of each month there after.  Commencing January 12, 2002, Plaintiff shall pay alimony to the Defendant in the sum of $400.00, per month on the twelfth day of each month for twelve consecutive months.  The payment of alimony shall terminate in the event of death or remarriage of the Defendant.

On October 15, 2002, the wife petitioned "for permanent alimony".  Following an

evidentiary hearing on the Petition, the Trial Court entered judgment making certain findings of fact and conclusions:

> The Court . . . found and was of the opinion that the Petitioner's diabetes condition had deteriorated to such that she had great difficulty in performing her job duties now as compared to the time of the divorce; that she had three (3) anxiety attacks since the divorce, there being no proof of any prior thereto; that her rheumatoid arthritis is a new condition and also causes greater problems at work and from all of which finds that these conditions do, in fact, create a change of circumstances . . . The Court further finds that the Respondent has the ability to pay and awards the Petitioner the sum of $575.00 per month as alimony in futuro from the date of this hearing forward.

The husband has appealed and raises two issues to the effect that the Trial Court improperly denied his Motion for Summary Judgment, in Response to the Petition and that there had been no substantial or material change in circumstances which were not in the contemplation or unforeseeable to the parties at the time of the Final Decree of Divorce.

As to the first issue, the husband asserts that the Trial Court dismissed the Motion for Summary Judgment because "the attached deposition and pleadings did not comply with Rule 56". (The deposition referred to is not in the record before us). From what we can glean from the record, the Trial Judge did not dismiss the Motion for Summary Judgment on the ground asserted by the husband, but on the grounds the Motion was not accompanied by a separate concise statement of material facts. The Court strictly construed the Rule and denied the Motion. Tenn. R. Civ. P. 56.03 provides:

> **Specifying Material Facts. -** In order to assist the Court in ascertaining whether there are any material facts in dispute, any motion for summary judgment made pursuant to Rule 56 of the Tennessee Rules of Civil Procedure shall be <u>accompanied by a separate concise statement of the material facts</u> as to which the moving party contends there is no genuine issue for trial. Each fact shall be set forth in a separate, numbered paragraph. Each fact shall be supported by a specific citation to the record. (Emphasis supplied).

The Trial Court's decision on this issue was correct. It was well within the Trial Court's discretion to apply the quoted provision and refuse to consider the summary judgment on that basis. *Owens v. Bristol Motors Speedway, Inc.*, 77 S.W.3d 771 (Tenn. Ct. App. 2001). We find no error in his dismissing the Motion for Summary Judgment.

The husband cites *McCarthy v. McCarthy*, 863 S.W.2d 716-719 (Tenn. Ct. App. 1992), to the effect that matters anticipated and within the contemplation of the parties at the time of the divorce do not constitute a material change in circumstances. The husband argues that the parties and the Trial Judge were aware of the fact the wife was in ill health before the Divorce Decree was entered, and that since the wife's health conditions were within the contemplation of the

parties at the time of the divorce, her present poor health cannot be considered as a material change in circumstances.

In *Watters v. Watters*, 22 S.W.3d 817 (Tenn. Ct. App. 1999), the Court said, in reviewing the Trial Court's decision as to whether there has been a sufficient showing of a substantial and material change in circumstances, that the Trial Judge's action is reviewed under "the sound discretion standard". *Citing, Wilkinson v. Wilkinson*, 1990 WL 95571 @ *4 (Tenn. Ct. App. July 12, 1990).

The wife, age 53 at the time of trial, in her testimony, conceded that she had health problems at the time of the divorce, but had "no difficulties" in carrying out her job. That she was a diabetic at the time of the divorce, but this condition has worsened to the extent of taking daily shots of insulin and additionally, another drug. She testified that since the divorce she has been diagnosed with rheumatoid arthritis and had been hospitalized for anxiety attacks. Additionally, she testified without contradiction, that she was unable to lift tires and batteries required in her work, and only because of her co-workers' aid and support was she able to discharge her duties with her employer. The evidence does not preponderate against the Trial Judge's finding of a substantial and material change in circumstances, and the evidence supports the award of alimony. Tenn. R. App. P. 13(d).

Finally, the husband argues that since the wife offered no expert testimony relating to her health problems, her testimony as to her deteriorating condition constitutes hearsay, and is inadmissible. With the exception of the progression of the wife's diabetes, she was competent to testify as to her health problems. As to the diabetic condition, no objection was interposed to her testimony, and it was appropriate for the Trial Court to consider that evidence, as well, in reaching his decision.

We affirm the Judgment of the Trial Court, and remand, with the cost of the appeal assessed to Joel T. Shuman.

_____
HERSCHEL PICKENS FRANKS, P.J.

-3-