

FILED
Dec 14, 2022
08:37 AM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| John Dickerson Holt, III ) | Docket No. 2020-01-0787 |
| ) | |
| v. ) | State File No. 108369-2019 |
| ) | |
| Quality Floor Coverings, LLC, et al. ) | |
| ) | |
| ) | |
| Appeal from the Court of Workers' ) | |
| Compensation Claims ) | |
| Audrey A. Headrick, Judge ) | |

### Affirmed and Remanded

This is an interlocutory appeal of a denied summary judgment motion and is the second appeal in this case. The employer filed a motion for summary judgment in which it argued the employee is not entitled to increased permanent disability benefits due to his incarceration at the time his initial benefit period ended. The employee admitted he was incarcerated at the time but stated in his responses to requests for admissions that he did not return to work for the employer due to his work injury. In a determination on the record, the trial court concluded that the employer's statement of undisputed material facts was insufficient to establish the employer was entitled to a judgment as a matter of law. The employer has appealed. Having carefully reviewed the record, we affirm the trial court's decision for reasons other than those expressed in its opinion and remand the case.

Judge Meredith B. Weaver delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

Catheryne L. Grant and Taylor R. Pruitt, Brentwood, Tennessee, for the employer-appellant, Quality Floor Coverings, LLC

John Dickerson Holt, III, Chattanooga, Tennessee, employee-appellee, pro se

### Factual and Procedural Background

John Dickerson Holt, III ("Employee") injured his right index finger while working for Quality Floor Coverings, LLC ("Employer") on October 21, 2019. He settled his claim and, upon expiration of the initial compensation period on July 26, 2021, requested enhanced benefits under Tennessee Code Annotated section 50-6-207(3)(B). Thereafter,

Employer served Employee with requests for admissions, to which Employee did not respond for over 30 days. Employer filed a motion to have the requests deemed admitted, and Employee subsequently responded to the requests. The trial court denied Employer's motion, and Employer appealed. In our opinion resolving that appeal, we held that

> Rule 36 of the Tennessee Rules of Civil Procedure is self-executing. Once a party files written requests for admissions in accordance with Rule 36.01, those statements are *automatically* deemed admitted thirty days after the requests are served unless one of three things happens: (1) the party to whom the request is directed timely serves a response denying the request or objecting to the request; (2) the party to whom the request is directed timely asks the trial court to lengthen the time within which a response can be served and that request is granted; or (3) the party to whom the request is directed timely serves a response or objection and the other party files a motion asking the trial court to determine the sufficiency of the answers or objections. If none of those three things happens, the statements are deemed admitted and are considered conclusively established unless the party to whom the requests were directed later moves for withdrawal or amendment of the admission pursuant to Rule 36.02.

*Holt v. Quality Floor Coverings, LLC*, No. 2020-01-0787, 2022 TN Wrk. Comp. App. Bd. LEXIS 19, at *5-6 (Tenn. Workers' Comp. App. Bd. May 6, 2022).

Employee had admitted all but three of the requests, but, subsequent to the appeal, he filed a Motion to Withdraw Admissions under Rule 36.02. Employer did not object to Employee's request for additional time to answer the three requests to which he did not previously admit. However, Employer argued, and the trial court agreed, that the remaining responses were conclusively established pursuant to Rule 36.02 of the Tennessee Rules of Civil Procedure.[1] As such, Employee filed timely responses to the three remaining requests for admissions. They were as follows:

(9)    Admit you are physically able to perform your pre-injury job.

       Denied. The reason I am denying is I can't perform my pre-injury job because of not being able to use my right index finger at 100%.

(10)   Admit you were terminated by the Employer for reasons unrelated to your work injury.

---

[1] One of the facts deemed conclusively established was that Employee was incarcerated as of July 26, 2021, the date his initial compensation period ended.

Denied. The reason I am denying this is my employer wouldn't allow me to work or perform light duty because of my right index finger injury.

(14)    Admit you are physically able to perform your pre-injury occupation.

Denied. The reason I am denying this is I am not able to perform [my pre-injury occupation] because of my right index finger injury.

Subsequently, Employer filed a motion for summary judgment requesting that the court conclude as a matter of law that Employee's request for increased benefits must be denied because Employee was incarcerated at the time his initial compensation period ended. The statement of facts in support of Employer's motion was silent regarding Employee's work status following his injury. The trial court, relying primarily on Employee's responses to the requests for admissions, determined Employer did not support its motion with sufficient material facts regarding its efforts to return Employee to work or its decision to terminate him for cause. The trial court found that, in order to assess whether it was appropriate to award increased benefits pursuant to Tennessee Code Annotated section 50-6-207(3)(B), the court must assess the reasonableness of both parties in attempting to return Employee to work, and the undisputed facts provided by Employer did not provide sufficient information for that analysis. Employer has appealed the trial court's denial of its motion.

**Standard of Review**

The grant or denial of a motion for summary judgment is a matter of law that we review de novo with no presumption that the trial court's conclusions are correct. *See Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). Thus, we must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Id.* In reviewing a trial court's decision on a motion for summary judgment, we are to review the evidence in a light most favorable to the nonmoving party and draw all reasonable inferences in favor of the nonmoving party. *Lyles v. Titlemax of Tenn., Inc.*, No. W2017-00873-SC-WCM-WC, 2018 Tenn. LEXIS 520, at *5 (Tenn. Workers' Comp. Panel Sept. 14, 2018). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2022).

**Analysis**

On appeal, Employer has raised four issues, which we reorder and restate as follows: (1) whether the trial court improperly placed a burden on Employer to establish a non-affirmative defense in filing a motion for summary judgment; (2) whether the trial court

erred in concluding there is a dispute of material facts; (3) whether the trial court erred in concluding evidence of efforts by an employer to return an employee to work following a work injury is required to defeat a claim for increased benefits; and (4) whether the trial court erred in purportedly raising a legal argument in its order not raised by a litigant.

## *Burden of Production*

The Tennessee Supreme Court has explained the requirements for a movant to prevail on a motion for summary judgment:

> [W]hen the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense. We reiterate that a moving party seeking summary judgment by attacking the nonmoving party's evidence must do more than make a conclusory assertion that summary judgment is appropriate on this basis. Rather, Tennessee Rule 56.03 requires the moving party to support its motion with "a separate concise statement of material facts as to which the moving party contends there is no genuine issue for trial." Tenn. R. Civ. P. 56.03. "Each fact is to be set forth in a separate, numbered paragraph and supported by a specific citation to the record." *Id.*

*Rye*, 477 S.W.3d at 264-65. Furthermore, as relevant to the issues presently before us on appeal, Rule 56.04 of the Tennessee Rules of Civil Procedure provides, in pertinent part:

> Subject to the moving party's compliance with Rule 56.03, the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The trial court shall state the legal grounds upon which the court denies or grants the motion, which shall be included in the order reflecting the court's ruling.

In this claim for enhanced benefits, the pertinent part of Tennessee Code Annotated section 50-6-207(3)(B) states:

> If at the time the period of compensation provided by subdivision 3(A) ends . . ., the employee has not returned to work with any employer or has returned to work and is receiving wages or a salary that is less than one hundred percent (100%) of the wages or salary the employee received from the employee's pre-injury employer . . ., the injured employee may file a

4

claim for increased benefits. If appropriate, the injured employee's original award . . . shall be increased . . . .

Also in section 207 of the statute, the legislature listed specific circumstances in which an employee is disqualified from receiving additional benefits. Those include voluntary resignation or retirement not caused by the work-related disability, an employee's misconduct "connected with the employee's employment," or a reduction in wages, salary, or hours that affected fifty percent (50%) or more of all hourly employees. Tenn. Code Ann. § 50-6-207(3)(D)(i)-(iii).

In a prior decision regarding permanent disability, we determined that, by including the language "[i]f appropriate" in section 207(3)(B), "the legislature expressed its intent that a trial court consider *all* relevant factors, including the circumstances of an injured worker's ability and/or willingness to return to work in his or her disabled state and the reasonableness of the employer in attempting to return the injured employee to work." *Wright v. Tennessee CVS Pharmacy, LLC*, No. 2018-08-0461, 2019 TN Wrk. Comp. App. Bd. LEXIS 72, at *12 (Tenn. Workers' Comp. App. Bd. Oct. 31, 2019) (emphasis added).

Employer contends the order of the trial court places a burden on Employer to establish a non-affirmative defense in order to be successful on summary judgment. Specifically, Employer cites the trial court's statement that Employer had submitted a "lack of sufficient material facts" regarding the circumstances of Employee's termination. Employer argues that the burden in a summary judgment motion is to negate an essential element of the non-moving party's claim, and as it is undisputed Employee was incarcerated at the time his initial benefit period ceased, Employer satisfied that burden.

Employer is correct that Employee has the burden of proof on all essential elements of his claim. *See* Tenn. Code Ann. § 50-6-239(c)(6); *Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *5 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015). However, as stated above, the moving party in a summary judgment motion has the initial burden of production pursuant to Tennessee Rule of Civil Procedure 56.03. It is only after the moving party meets its burden of production that the burden shifts to the nonmoving party to provide evidence in the record establishing that material facts remain disputed.

The purpose of the requirements of Rule 56.03 "is to 'assist the Court in focusing on the crucial portions of the record' in determining whether there is a genuine issue requiring a trial on the merits." *Owens v. Bristol Motor Speedway, Inc*, 77 S.W.3d 771, 774 (Tenn. Ct. App. 2001) (citation omitted). In *Owens*, the Tennessee Court of Appeals provided the following guidance in this regard:

> [T]he statements of material facts filed by the parties on a motion for summary judgment are not merely superfluous abstracts of the evidence.

Rather, they are intended to alert the court to precisely what factual questions are in dispute and point the court to the specific evidence in the record that supports a party's position on each of these questions. They are, in short, roadmaps, and without them the court should not have to proceed further, regardless of how readily it might be able to distill the relevant information from the record on its own.

*Id.* (internal quotation marks and citation omitted).

In the present case, the trial court found Employer's motion and supporting documentation demonstrated a "lack of sufficient material facts" that would allow the court to conclude summary judgment should be granted. We agree with the trial court that Employer failed to meet its burden of production in this regard. Employer included no material facts in its statement of undisputed facts relative to Employee's employment or lack thereof at any time after his injury or at the time his initial benefit period ended.[2] While it is undisputed that Employee was incarcerated at the time his initial benefit period expired, there is no evidence in the record before us establishing that Employee was or was not employed prior to his incarceration.[3] Information regarding an employee's work status following an injury is material and relevant to the trier of fact's assessment of the appropriateness of awarding or declining to award increased benefits. Consequently, we conclude that an employee's incarceration is but one fact to consider in a trial court's assessment of the appropriateness of awarding increased benefits. As such, we conclude the motion for summary judgment was properly denied.[4]

### *Role of Trial Judge in Evaluating Legal Arguments*

Employer also asserts that the trial court essentially acted as Employee's advocate by concluding that material facts remain in dispute. Employer asserts the onus was on Employee, not the trial court, to respond to the motion for summary judgment by presenting evidence of one or more disputed material facts. Given our earlier conclusion that Employer did not meet its burden of production in accordance with Rule 56.03, it is unnecessary to address this issue. We note, however, that the analysis of the appropriateness of awarding increased benefits under section 207(3)(B) is an inherently

---

[2] There is a Request for Admission in which Employee admitted to working as of February 27, 2022, but there is no indication in the record when that employment began.

[3] Moreover, there is no evidence in the record before us addressing whether Employee was earning wages in some capacity while incarcerated, whether through a work-release program or otherwise. We offer no opinion at this time concerning whether or to what extent the earning of wages while incarcerated impacts a trial court's assessment of the appropriateness of awarding increased benefits under section 207(3)(B).

[4] Based on our resolution of the first issue, it is unnecessary for us to address the second and third issues stated above.

6

factual determination and, absent unusual circumstances, is not generally amenable to summary judgment. *See, e.g.*, *Berry v. Consolidated Sys., Inc.*, 804 S.W.2d 445, 446 (Tenn. 1991) ("[S]ummary judgment is almost never an option in a contested workers' compensation action. . . . By definition, . . . summary judgment does not involve fact-finding or the weighing of evidence."). We therefore conclude, based on the record as a whole, that the trial court did not err in analyzing the record in its entirety, including the "admissions on file," in denying the motion for summary judgment.

## Conclusion

For the foregoing reasons, we affirm the decision of the trial court and remand the case. Costs on appeal are taxed to Employer.



| | |
|---|---|
| John Dickerson Holt, III | ) Docket No. 2020-01-0787 |
| | ) |
| v. | ) State File No. 108369-2019 |
| | ) |
| Quality Floor Coverings, LLC, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Audrey A. Headrick, Judge | ) |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 14th day of December, 2022.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Taylor R. Pruitt | | | | X | trp@feeneymurray.com catherynelgrant@feeneymurray.com |
| John Dickerson Holt, III | | | | X | johnholt3rd30@gmail.com |
| Audrey A. Headrick, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

*O. Yearwood*

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov