**FILED**
**Nov 01, 2024**
**07:32 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Craig Cable | ) | Docket No. 2021-07-0312 |
| | ) | |
| v. | ) | State File No. 20542-2021 |
| | ) | |
| Conagra Foods Packaged | ) | |
| Foods Co., Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Thomas L. Wyatt, Judge | ) | |

---

### Affirmed and Remanded

---

In this interlocutory appeal, the employer argues the trial court erred in denying its motion for partial summary judgment. The employee reported pain in his right shoulder while working on an assembly line for the employer. At an expedited hearing, the court determined the employee was likely to succeed at trial in proving his injury was primarily related to his work but denied the employee's request for certain temporary benefits. Thereafter, the trial court entered a scheduling order with deadlines to identify expert witnesses and file expert proof. The employer then filed a motion for summary judgment, alleging the employee did not meet those deadlines, which supported dismissal of the claim. The trial court determined that the employee, acting in a self-represented capacity, disclosed his authorized treating physician as his expert witness, but it held the remainder of the motion in abeyance so the parties could obtain the expert's opinions. The parties then deposed the expert, who testified the employee had sustained an injury arising primarily out of the employment and would need continued medical care but retained no permanent medical impairment. The employer renewed its motion for summary judgment, asserting it was now a motion for *partial* summary judgment in light of the physician's testimony establishing the compensability of the claim but also negating an essential element of the employee's claim given the lack of any evidence of permanent medical impairment. The trial court denied the motion, and the employer has appealed. After careful review of the record, we affirm the trial court's order for reasons other than those stated by the court, and we remand the case.

Judge Meredith B. Weaver delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

1

J. Allen Callison, Brentwood, Tennessee, for the employer-appellant, Conagra Foods Packaged Foods Co., Inc.

Craig Cable, Atwood, Tennessee, employee-appellee, pro se

## Factual and Procedural Background

Craig Cable ("Employee") was working for Conagra Foods Packaged Foods Co., Inc. ("Employer"), assembling food products when he reported pain in his right shoulder on February 26, 2021. Employer authorized immediate medical care with Dr. Peter Gardner at Physician's Quality Care, who placed Employee on light duty and referred him first to physical therapy, then to an orthopedic surgeon in April 2021. Employer provided a panel of specialists, from which Employee selected Dr. Adam Smith, who initially saw Employee in June 2021. At that appointment, Employee reported right shoulder girdle pain, which Dr. Smith believed to be due to a muscular injury. Dr. Smith ordered a chest MRI and maintained the light duty restrictions, including no lifting or pushing over two pounds with the right arm.

Employee returned to Dr. Smith exactly one month later, at which time Dr. Smith observed that Employee's pain complaints seemed to be more paraspinous in nature. Noting the MRI of the chest wall was negative, Dr. Smith requested a thoracic MRI. He also continued the work restrictions, although he increased the maximum weight for lifting with the right arm from two pounds to five pounds. Following that appointment, Employee filed a petition for benefit determination seeking temporary disability benefits and asserting he could not work in light of the restrictions assigned by Dr. Smith.

In August 2021, Employee returned to Dr. Smith, who stated the thoracic MRI was "essentially normal" and referred him to his partner, Dr. William Seely, who specializes in pain management. Dr. Smith also increased Employee's weight limit to ten pounds for lifting and pushing with the right arm. Employer arranged an appointment with Dr. Seely in November 2021, but Employee was unable to attend due to illness. Dr. Seely ultimately saw Employee and provided a trigger point injection in March 2022, which Employee indicated provided temporary relief. The following month, Dr. Smith requested a cervical MRI, which revealed a possible herniated disc. Dr. Smith saw Employee for the last time on June 13, 2022, at which time he referred Employee to a neurosurgeon. Employer provided a panel, and Employee selected Dr. John Brophy.

Dr. Brophy saw Employee one time on August 24, 2022, and diagnosed him with cervical/trapezius myofascial pain. He determined there was no surgical treatment necessary and completed a Form C-30A on September 6, 2022, releasing Employee at maximum medical improvement with no impairment and no restrictions.

Meanwhile, the trial court conducted an expedited hearing on March 28, 2022. At the hearing, Employee sought temporary disability benefits beginning June 14, 2021. Employer argued that Employee's alleged injury was idiopathic, as his injury allegedly occurred while assembling sausage biscuits, which required minimal lifting, pushing, or pulling. In its view, such an injury could have occurred at any location, including those outside of work, and Employee could not establish that such an injury arose primarily out of the employment. In the alternative, Employer argued it had offered light duty positions within Employee's restrictions, which Employee had unreasonably declined. Employee testified that the first light duty position he was offered required him to use a "prodder" to dislodge pita bread from a machine, which he said required the use of both arms. He also testified that his last day worked was July 1, 2021.

Employer presented the affidavit of Felicia Harris, its Environmental Health and Safety Manager. Ms. Harris stated Employee's last day worked was June 14, 2021, and that the position using the "prodder" did not require the use of both arms. She further noted that on July 25, Employer offered an alternative position in the cold spiral room beginning August 2, which also would have accommodated Employee's restrictions. Employee admitted he could perform that position.

In its April 18, 2022 order, the trial court determined Employee was likely to succeed at trial in establishing that his injury arose primarily from a hazard associated with his employment. The trial court recognized that the injury occurred while Employee was assembling sausage biscuits but noted that Employer expected Employee to assemble sixty sausage biscuits per minute, repeatedly reaching across a conveyor belt approximately 18 inches wide. It also concluded the job using the "prodder" was not a reasonable accommodation based on Employee's description of movements needed to perform the required tasks. However, as all parties agreed the position in the cold spiral room was within Dr. Smith's restrictions, the court ordered the payment of temporary disability benefits only from July 1 through August 2, 2021, the date on which the job in the cold spiral room would have begun. That order was not appealed.

Following several scheduling conferences, the court entered a scheduling order that, in part, set deadlines for expert disclosures by October 16, 2023, and completion of expert proof by November 17, 2023. After Employee failed to provide a written expert disclosure by the October deadline, Employer filed a motion for summary judgment, arguing that Employee's failure to identify an expert witness in compliance with the scheduling order meant that he could not prove his injury arose primarily out of and in the course and scope of his employment. Employee responded with a request for a continuance of the expert disclosure deadline, which the court denied. The hearing on the motion for summary judgment was set for February 6, 2024.

Thereafter, Employee filed a response to Employer's dispositive motion in which he argued he had previously disclosed Dr. Smith as his expert during prior status hearings,

3

as reflected in the court's status orders. Specifically, at status conferences in April and July 2023, Employee indicated he was working to obtain a Form C-32 from Dr. Smith, which was reflected in the respective orders issued following those conferences. In its order on the motion for summary judgment, which it entitled "Order Allowing Additional Time to Respond to Motion for Summary Judgment," the trial court agreed that Employee had disclosed his expert witness and that he was working to obtain the appropriate proof from that expert. Citing Rule 56 of the Tennessee Rules of Civil Procedure and Tenn. Comp. R. and Regs. 0800-02-21-.18(1)(d), the trial court held the dispositive motion in abeyance, determining Employee had been unable to obtain the requisite information to respond to the motion and giving more time as allowed by both rules.[1] The court further asked that the parties "inquire" of Dr. Smith whether he had assessed an impairment rating. That order was not appealed.

The parties deposed Dr. Smith in June 2024. At the deposition, Dr. Smith testified he had diagnosed Employee with shoulder girdle pain and requested a chest wall MRI because he was concerned about a possible rhomboid or latissimus tear. When that MRI was negative for injury to the muscles he was concerned about, and a thoracic MRI was negative for any injury, he testified he had a "working diagnosis" of a muscular injury, so he referred Employee to the pain specialist in his practice. Once Employee received a trigger point injection, he did report some relief upon his return to Dr. Smith, and Dr. Smith requested a cervical MRI in an effort to find the source of the pain. Once the cervical MRI was complete, Dr. Smith saw what he believed to be an annular tear and a disc herniation at C7-T1. As such, he referred Employee to a neurosurgeon, stating he had "ruled out" the shoulder as the cause of Employee's pain.[2] He further testified Employee did not have any permanent impairment related to the shoulder, although he did believe the work injury was the primary cause of the herniation and muscular injury, as well as the need for ongoing treatment. Dr. Smith was questioned at length about Employee's ongoing pain, and he testified that if he had his "druthers," Employee would return for treatment with a pain specialist, since the trigger point injection was the only thing that provided him any relief.

---

[1] Rule 56.07 of the Tennessee Rules of Civil Procedure provides:

> Should it appear from the affidavits of a party opposing the motion that such party cannot for reasons stated present by affidavit facts essential to justify the opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken . . . .

Employee did not file an affidavit stating the reasons for the delay, but the Bureau's rule specifically does not require an affidavit, stating, "The judge may[,] without the need for an affidavit from the non-moving party[,] grant additional, reasonable time for the non-moving party to respond, obtain affidavits, engage in discovery, or take depositions." Tenn. Comp. R. & Regs. 0800-02-21-.18(1)(d) (2023).

[2] Dr. Smith testified that he deferred to Dr. Brophy as to his assessment regarding any need for surgery of the cervical spine, as well as Dr. Brophy's opinion regarding whether the cervical herniation was the cause of Employee's pain.

Employer filed the transcript of Dr. Smith's deposition with the court, as well as a supplemental brief to the initial motion for summary judgment. Employer acknowledged that Dr. Smith's testimony supported the compensability of Employee's injury. However, Employer argued that Employee still did not have proof of any permanent medical impairment causally related to the work injury and that, as such, its motion should be considered one for *partial* summary judgment as to the issue of permanency. After a hearing, the trial court denied the motion for summary judgment, stating that "determining the compensability of an employee's claim for benefits is almost always inappropriate at an interlocutory stage." Citing *Oldham v. Freeman Webb Company Realtors d/b/a Sunnybrook*, No. 2022-03-0420, 2024 TN Wrk. Comp. App. Bd. LEXIS 8, at *12 (Tenn. Wrk. Comp. App. Bd. Mar. 6, 2024). The trial court further observed that

> Dr. Smith testified he did not know the exact anatomical cause of [Employee's] pain and recommended ongoing treatment by a pain specialist. Until [Employee] receives the recommended treatment by the pain specialist, it is not known whether the results of that treatment will produce evidence that fundamentally alters the rights of the parties, including . . . entitlement to permanent disability benefits.

Employer has appealed.

## Standard of Review

The grant or denial of a motion for summary judgment is a matter of law that we review de novo with no presumption that the trial court's conclusions are correct. *See Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). As such, we must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Id.* We are mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2023).

## Analysis

Employer contends the trial court erred in denying the summary judgment motion because, at the summary judgment stage, Employee was unable to prove an essential element of the case, namely any permanent impairment causally related to his compensable work injury. In its brief, Employer asserts that "Employee reached maximum medical improvement in August 2022" and further argues that "the trial court issued a scheduling order on the [p]arties' expert disclosure deadline, the Employee identified Dr. Smith as his expert . . . , and the subsequent deposition of Dr. Smith established some elements [of Employee's claim], but not others."

As we have noted in the past, summary judgment is appropriate if,

> [s]ubject to the moving party's compliance with Rule 56.03, the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Tenn. R. Civ. P. 56.04. In accordance with the mandates of Tennessee Rule of Civil Procedure 56, a motion for summary judgment must include a statement of undisputed facts, among other requirements. Specifically,

> any motion for summary judgment made pursuant to Rule 56 of the Tennessee Rules of Civil Procedure shall be accompanied by a *separate concise statement of the material facts* as to which the moving party contends there is no genuine issue for trial. Each fact shall be set forth in a separate, numbered paragraph.

Tenn. R. Civ. P. 56.03 (emphasis added).

In the present case, Employer's statement of undisputed material facts filed with the initial summary judgment motion listed three undisputed material facts, as quoted below:

1. The trial court issued a Partial Scheduling Order providing that the Employee "shall disclose the identity of [his] expert witnesses to opposing counsel and provide the expert's opinions to the opposing party by October 16, 2023."

2. On February 14, 2022, Employee responded to Employer's written discovery for the "identity [of] each person you expect to call or who you may call as an expert witness on your behalf in the trial of this cause, and to each expert state . . . ." Employee responded: "At moment I have none. I'm sure that will change."

3. Employee has not disclosed any expert report as of the October 16, 2023, deadline that he anticipates using in support of his claim for benefits.

Employee responded to that original motion and statement of undisputed facts by asserting that he had identified Dr. Smith as his expert at two status conferences as reflected in the trial court's orders. He further responded that he was working to obtain a Form C-32 from Dr. Smith.

Following the initial hearing of the summary judgment motion, the trial court issued an order concluding that Employee had disclosed Dr. Smith as an expert witness and

6

requesting that the parties endeavor to obtain his opinions regarding permanent medical impairment, if any. That order was not appealed, and the parties proceeded with Dr. Smith's deposition. Based on Dr. Smith's testimony supporting Employee's claim that he sustained injuries arising primarily out of his employment, Employer filed a supplement to its motion for summary judgment two days prior to the hearing, acknowledging it was not contesting compensability but disputing the existence of permanent medical impairment and the need for future medical treatment.[3] Importantly, Employer did *not* file a new statement of undisputed material facts, even though the previously identified undisputed material facts were no longer at issue.

The Tennessee Court of Appeals has previously stated that the undisputed statements of material fact filed in support of summary judgment

> are not merely superfluous abstracts of the evidence. Rather, they are intended to alert the court to precisely what factual questions are in dispute and point the court to the specific evidence in the record that supports a party's position on each of these questions. They are, in short, roadmaps, and without them the court should not have to proceed further, regardless of how readily it might be able to distill the relevant information from the record on its own.

*Owens v. Bristol Motor Speedway, Inc.*, 77 S.W.3d 771, 774 (Tenn. Ct. App. 2001) (citing *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994)).

Although Employer's supplemental brief filed in support of its motion for partial summary judgment argues that Employee's expert testified Employee did not have a permanent impairment related to the shoulder condition, Employer did not file a supplemental statement of undisputed facts in support of this contention in compliance with Rule 56.03. Thus, Employer's filings in support of its motion for summary judgment were deficient, and, as such, we conclude Employer neither negated an essential element of Employee's claim nor demonstrated Employee's evidence at the *summary judgment stage* was insufficient to establish his claim for benefits. *See Rye*, 477 S.W.3d at 264. At this stage, Employer has agreed Employee's injuries are compensable based on Dr. Smith's testimony, rendering the statements of undisputed fact that *are* contained in this record moot. If Employer wanted to pursue summary judgment based on some issue other than compensability, the onus was on Employer to file a motion (or amend its pending motion) in compliance with Rule 56. *See Boesch v. Hall*, No. E2023-00935-COA-R3-CV, 2024 Tenn. App. LEXIS 97, at *18 (Tenn. Ct. App. Mar. 6, 2024) ("[T]he consequences for noncompliance with the rules depends on which rule has not been followed and which party bears the burden at that particular stage of the proceedings.").

---

[3] After noting in its brief that Dr. Smith stated it was "common sense" for Employee to obtain further treatment, Employer argued Dr. Smith's opinion was not to a reasonable degree of medical certainty.

In the absence of a statement of *material* undisputed facts as required by Rule 56.03 of the Tennessee Rules of Civil Procedure, Employer was unable to meet its burden of production under Rule 56. Accordingly, the burden of proof did not shift to Employee to establish disputed issues of material facts. "Although the trial court may waive the requirements of Rule 56.03 in an appropriate case, we caution trial courts that the nonmoving party in a summary judgment proceeding should be sufficiently apprised of the moving party's basis for summary judgment." *Bobo v. City of Jackson*, 511 S.W.3d 14, 22 (Tenn. Ct. App. 2015). Employer's supplement to its motion for summary judgment, which did not include an additional statement of undisputed material facts, relied on Dr. Smith's testimony that Employee retains no permanent impairment for his shoulder injury to support its position that there are no disputed facts. However, Employer's own brief indicates a dispute remains regarding the need for additional medical treatment for the work injury in light of the lack of any evidence of permanent medical impairment.

Moreover, although Employer's brief on appeal asserts that Employee had reached maximum medical improvement in August 2022, it has not offered any statements of undisputed fact addressing whether Employee has reached maximum medical improvement for *all* injuries that arose primarily from Employee's work accident, and it did not include any references to the record of any such statements as required by Rule 56. As the Tennessee Supreme Court's Special Workers' Compensation Appeals Panel has explained, a determination of permanent medical impairment cannot occur until *after* the employee has reached maximum medical improvement. *See, e.g.*, *Sanders v. Lodgenet Interactive Corp.*, No. M2011-00725-WC-R3-WC, 2012 Tenn. LEXIS 64, at *8 (Tenn. Workers' Comp. Panel Feb. 10, 2012). Thus, we conclude that in cases where an employer files a dispositive motion based on the asserted lack of permanent medical impairment, part of the employer's burden of production at the summary judgment stage is to establish, through specific references to the record, that the employee has been placed at maximum medical improvement for every condition that arose primarily out of the work accident. Employer has not met that burden of production in the present case.

In short, Employer failed to meet its initial burden of production at the summary judgment stage in accordance with Rule 56. First, it did not file an amended or revised statement of undisputed material facts following Dr. Smith's deposition. Second, it has not established, through specific references to the record, that Employee has reached maximum medical improvement for every condition that arose primarily from the work injury. As a result, the burden never shifted to Employee to establish disputed issues of material fact. Therefore, we conclude the trial court did not err in denying Employer's motion for partial summary judgment.

**Conclusion**

For the reasons stated above, we affirm the trial court's order and remand the case. Costs on appeal are taxed to Employer.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Craig Cable | ) | Docket No. 2021-07-0312 |
| | ) | |
| v. | ) | State File No. 20542-2021 |
| | ) | |
| Conagra Foods Packaged | ) | |
| Foods Co., Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Thomas L. Wyatt, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 1st day of November, 2024.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Allen Callison | | | | X | allen.callison@mgclaw.com |
| Craig Cable | | | | X | craigcable39@gmail.com |
| Thomas L. Wyatt, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

*O. yearwood*

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov