# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### February 15, 2024 Session

## STEPHEN BOESCH v. SCOTT D. HALL

**Appeal from the Circuit Court for Sevier County**
**No. 20-CV-595-III      David R. Duggan, Judge**

_____

### No. E2023-00935-COA-R3-CV
_____

The Circuit Court for Sevier County ("the Trial Court") dismissed the motion for summary judgment filed by Stephen Boesch ("Plaintiff") due to his failure to file a separate statement of undisputed material facts in accordance with Tennessee Rule of Civil Procedure 56.03. The Trial Court additionally denied Plaintiff's oral motion for default judgment against Scott D. Hall ("Defendant") and granted Defendant's motion for summary judgment. Plaintiff has appealed. Upon our review, we affirm the Trial Court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed; Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which JOHN W. MCCLARTY and KRISTI M. DAVIS, JJ., joined.

Stephen Boesch, Sevierville, Tennessee, Pro Se.

Gregory Brown, W. Scott Hickerson, and G. Alan Rawls, Knoxville, Tennessee, for the appellee, Scott D. Hall.

## MEMORANDUM OPINION[1]

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

# Background

On September 16, 2020, Plaintiff filed a complaint against his former attorney, Defendant, in the Trial Court. Defendant previously represented Plaintiff in an action titled, *Boesch v. Holeman, Et Al.* Plaintiff alleged that Defendant had acted negligently, committed legal malpractice, and breached fiduciary duties owed to Plaintiff. He further alleged that Defendant had fraudulently induced Plaintiff into paying him large sums of money by "making representations regarding the legal matter which were untrue." Plaintiff sought an award of compensatory damages with pre- and post-judgment interest and costs.

On November 5, 2020, Defendant filed a motion to dismiss or, in the alternative, a motion for a more definite statement, pursuant to Tennessee Rules of Civil Procedure 12.02(6) and 12.05. Defendant claimed that Plaintiff had failed to properly plead legal malpractice and fraudulent inducement as required by Tennessee Rules of Civil Procedure 8.01 and 9.02. In an accompanying memorandum in support of his motion, Defendant argued that Plaintiff had failed to state any facts that might entitle him to relief, failed to include facts regarding the specific actions or omissions committed by Defendant, and failed to provide facts supporting a theory of legal causation. In sum, Defendant claimed that Plaintiff's complaint consisted of nothing more than a statement of the elements of the alleged causes of action.

On November 18, 2020, Plaintiff filed an amended complaint, alleging specific facts surrounding the alleged causes of actions against Defendant. Therein, Plaintiff presented three causes of action: (1) legal malpractice, (2) breach of fiduciary duty, and (3) common law negligence. Plaintiff sought damages in the amount of $967,000, "exemplary damages according to proof", "interest as allowed by law", "costs of suit incurred", and "such other and further relief as the Court deems just and proper."

In December 2021, Defendant filed a motion to dismiss the amended complaint or, in the alternative, a motion for a more definite statement. Defendant contended that Plaintiff's amended complaint related to decisions regarding trial litigation strategy, Defendant's determinations of what proof to present in the case, and his decision not to act on Plaintiff's suggestions. Defendant only sought dismissal of Plaintiff's breach of fiduciary duty and negligence claims.

With respect to the breach of fiduciary duty claim, Defendant specifically argued that Plaintiff's claim was based on an alleged fraudulent act or omission and that Plaintiff had failed to plead fraud with particularity as required by Tennessee Rule of Civil Procedure 9.02. He further argued that a finding of a violation of the Tennessee Rules of Professional Conduct cannot form the basis of civil liability. With respect to the negligence claim, Defendant argued that this claim was redundant of the legal malpractice claim and should be "subsumed by the claim of legal malpractice."

The Trial Court entered an order on March 3, 2022, dismissing Plaintiff's claims for breach of fiduciary duty and negligence. The Trial Court determined that these two claims were redundant and subsumed by the claim of legal malpractice.

On April 19, 2022, Plaintiff filed a motion for summary judgment pursuant to Tennessee Rule of Civil Procedure 56.01. Plaintiff argued that Defendant had failed to timely file an answer to his undismissed claim of legal malpractice, which he claimed was due thirty days from the date of the Trial Court's March 3 order. Plaintiff claimed:

> Defendant has not filed anything to show that there is a general issue as to any material fact alleged by Plaintiff. Defendant has not shown that there is doubt as to the allegations and legal malpractice claim set forth by Plaintiff in the Amended Complaint. The law allows Defendant to do the foregoing by filing an Answer, which Defendant elected not to do.
>
> As it stands, there is no general issue as to any material fact or doubt as to any facts or counts alleged by Plaintiff.

(Paragraph numbering omitted.)

Two days later, on April 21, Defendant filed an answer, denying the substance of Plaintiff's allegations. He also raised the following affirmative defenses: (1) that Plaintiff's claim was barred by the one-year statute of limitations, (2) that Plaintiff's claimed damages were caused, in whole or in part, by his own comparative fault, (3) that Plaintiff's claim was barred by the attorney judgment rule, and (4) that any liability was "subject to setoff for the unpaid legal fees owed for services rendered" by Defendant.

Defendant later filed a response to Plaintiff's summary judgment motion, arguing that Plaintiff's motion was inappropriate at that point in the litigation given that there were outstanding discovery requests to which Plaintiff had not responded. He further claimed that he had "cured" his lack of response by filing an answer after Plaintiff filed his summary judgment motion, and that there were "critical factual disputes." He also argued that Plaintiff's summary judgment motion did not comply with Rule 56.03 in that he did not file an accompanying "separate concise statement of the material facts as to which the moving party contends there is no genuine issue for trial."

On July 6, 2022, Defendant filed a counter-complaint, claiming breach of contract. According to Defendant, Plaintiff had failed to pay his outstanding balance for legal services rendered. The claimed outstanding balance owed by Plaintiff was $12,420 plus interest. Defendant sought $12,420 in arrears; all costs, expenses, and reasonable attorney's fees paid or incurred by Defendant's attempts to collect and enforce obligations pursuant to the engagement letter; and pre- and post-judgment interest at the contractual rate. He attached as an exhibit the engagement letter, which outlined the terms of his

representation of Plaintiff and the fee arrangement. Plaintiff filed an answer and raised several affirmative defenses.

At a hearing on July 11, 2022, the Trial Court dismissed Plaintiff's motion for summary judgment because he failed to comply with Rule 56.03 and Defendant's having filed an answer. At the hearing Plaintiff moved orally for default judgment, which the Trial Court denied. For some reason, a proposed order reflecting these rulings was never tendered to the Trial Court, despite the parties having agreed upon the contents of the proposed order. An order eventually was entered on September 28, 2023, *nunc pro tunc* July 11, 2022. The Trial Court explained that Plaintiff was free to file another motion for summary judgment after discovery had concluded.

On April 10, 2023, Defendant filed a motion for summary judgment, a memorandum of facts and law in support of his motion, a Rule 56.03 statement of undisputed material facts, and a declaration by him. Plaintiff filed a response to Defendant's summary judgment motion, disputing many of Defendant's statements of material fact.

After a hearing, the Trial Court entered a judgment resolving the parties' respective summary judgment motions on May 30, 2023. The Trial Court found that Defendant's summary judgment motion was well-taken and should be granted and that Plaintiff's summary judgment motion was not well-taken and should be dismissed.[2] The Trial Court specifically found that Defendant had negated essential elements of Plaintiff's claim, that Plaintiff could not prove his claim, and that there was no genuine issue of material fact as to Defendant's alleged negligence in representing Plaintiff. Accordingly, Defendant was entitled to judgment as a matter of law on the remaining claim. The Trial Court further found that Plaintiff had failed to file a statement of undisputed material facts in accordance with Rule 56.03 and that his motion was not properly supported.

The Trial Court attached the transcript of its oral ruling as an exhibit as further explanation for its rulings. The transcript reflects that the Trial Court's decision to grant Defendant's motion was based in part upon its finding that Plaintiff failed to make citations to the record for the facts he disputed. The Trial Court additionally found the following:

> I want to note two more things, and I want this included in the order. Plaintiff has also filed a motion for summary judgment sometime ago, which has been responded to. But in filing his motion for summary judgment, he has failed to file in support of his motion a statement of undisputed material

---

[2] Although the Trial Court had already dismissed Plaintiff's motion for summary judgment at the July 11 hearing, the proposed order was never tendered to the Trial Court and therefore never entered. This may explain why the Trial Court again dismissed Plaintiff's motion for summary judgment in its May 2023 judgment.

facts in support of a motion and about which plaintiff says there is no genuine issue of fact. So his motion is not properly supported under the rule, and the plaintiff's motion for summary judgment will be dismissed.

I will note one final thing, and I want this included in the order. This grant of summary judgment does not resolve defendant's counterclaim for attorney fees. That remains open at this time.

The Trial Court certified its judgment as final pursuant to Rule 54.02. Plaintiff timely appealed.

## Discussion

Although not stated exactly as such, we have condensed Plaintiff's issues into two dispositive issues: (1) whether the Trial Court erred by dismissing Plaintiff's motion for default judgment and (2) whether the Trial Court erred by dismissing Plaintiff's motion for summary judgment.

As a threshold issue, Defendant argues that Plaintiff has not appealed the Trial Court's grant of Defendant's motion for summary judgment, but rather only the dismissal of his own motion for summary judgment. Defendant accordingly argues that the issues raised by Plaintiff are moot without Plaintiff's appeal of the Trial Court's grant of Defendant's motion. Defendant correctly notes that Plaintiff has not appealed or made any specific argument related to the Trial Court's grant of Defendant's motion for summary judgment. This portion of the Trial Court's judgment is therefore not at issue. We, nevertheless, will address the issues Plaintiff has raised on appeal to the extent he contests the Trial Court's dismissal of his own motions for default judgment and summary judgment. We do this because Plaintiff appears to argue, at least implicitly and giving him the benefit of the doubt, that the Trial Court should have granted one or both of his motions and therefore never reached the issue of Defendant's motion for summary judgment.

We first address Plaintiff's contention that the Trial Court erred by denying his oral motion for default judgment at the July 11 hearing. A trial court's grant or denial of a motion for default judgment is reviewed for abuse of discretion. *See Patterson v. SunTrust Bank*, 328 S.W.3d 505, 509 (Tenn. Ct. App. 2010). Our Supreme Court has previously explained the abuse of discretion standard as follows:

Under the abuse of discretion standard, a trial court's ruling "will be upheld so long as reasonable minds can disagree as to propriety of the decision made." *State v. Scott*, 33 S.W.3d 746, 752 (Tenn. 2000); *State v. Gilliland*, 22 S.W.3d 266, 273 (Tenn. 2000). A trial court abuses its discretion only when it "applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the

- 5 -

party complaining." *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999). The abuse of discretion standard does not permit the appellate court to substitute its judgment for that of the trial court. *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 927 (Tenn. 1998).

*Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001).

Tennessee Rule of Civil Procedure 55.01 provides in pertinent part:

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, judgment by default may be entered as follows:

The party entitled to a judgment by default shall apply to the court. Except for cases where service was properly made by publication, all parties against whom a default judgment is sought shall be served with a written notice of the application at least five days before the hearing on the application, regardless of whether the party has made an appearance in the action. . . . .

This Court has previously explained:

The "plain language" of Rule 55.01 shows that entry of default is permissive rather than mandatory. . . . Implicit in this standard of review is the underlying proposition that the trial court has discretion to excuse an insignificant delay beyond the normal 30 days specified in Tenn. R. Civ. P. 12.01 for filing an answer. It is also clear that a trial court should exercise its discretion in favor of allowing a case to be heard on its merits.

*Parks v. Mid-Atl. Fin. Co., Inc.*, 343 S.W.3d 792, 798 (Tenn. Ct. App. 2011).

We emphasize that default judgments are "drastic sanctions" and are not "favored by the courts" because they "run counter to the judicial system's general objective of disposing of cases on the merits." *Henry v. Goins*, 104 S.W.3d 475, 481 (Tenn. 2003). We further note that Rule 55.01 requires that the party against whom a default judgment is sought "be served with a written notice of the application at least five days before the hearing on the application." Plaintiff did not serve Defendant with notice of his motion for default judgment or even file a motion for default judgment. Plaintiff only raised the motion orally during the July 11 hearing.

Although Plaintiff is correct that Defendant never filed a motion for enlargement or alleged excusable neglect pursuant to Tennessee Rule of Civil Procedure 6.02, this does

- 6 -

not alter the fact that Plaintiff was required to give Defendant notice that he was seeking default judgment at the July 11 hearing. Without notice to Defendant, the Trial Court properly dismissed Plaintiff's motion. *See Decker v. Nance*, No. E2005-2248-COA-R3-CV, 2006 WL 1132048, at \*3 (Tenn. Ct. App. Apr. 28, 2006) ("A default judgment should be vacated when the record indicates that the motion for default judgment was not served on the defendant in compliance with Rule 55.01."). We therefore conclude that the Trial Court acted well within its discretion by denying Plaintiff's oral motion for default judgment.

We next turn to Plaintiff's argument that the Trial Court erred by dismissing his motion for summary judgment. Regarding the standard of review for cases disposed of by summary judgment, the Tennessee Supreme Court has instructed:

> Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. We review a trial court's ruling on a motion for summary judgment de novo, without a presumption of correctness. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997); *see also Abshure v. Methodist Healthcare–Memphis Hosp.*, 325 S.W.3d 98, 103 (Tenn. 2010). In doing so, we make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied. *Estate of Brown*, 402 S.W.3d 193, 198 (Tenn. 2013) (citing *Hughes v. New Life Dev. Corp.*, 387 S.W.3d 453, 471 (Tenn. 2012)).

\*\*\*

> [I]n Tennessee, as in the federal system, when the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense. We reiterate that a moving party seeking summary judgment by attacking the nonmoving party's evidence must do more than make a conclusory assertion that summary judgment is appropriate on this basis. Rather, Tennessee Rule 56.03 requires the moving party to support its motion with "a separate concise statement of material facts as to which the moving party contends there is no genuine issue for trial." Tenn. R. Civ. P. 56.03. "Each fact is to be set forth in a separate, numbered paragraph and supported by a specific citation to the record." *Id.* When such a motion is made, any party opposing summary judgment must file a response to each fact set forth by the movant in the manner provided in

Tennessee Rule 56.03. "[W]hen a motion for summary judgment is made [and] . . . supported as provided in [Tennessee Rule 56]," to survive summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" *at the summary judgment stage* "showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*[*, Ltd. v. Zenith Radio Corp.*], 475 U.S. [574,] 586, 106 S.Ct. 1348 [89 L.Ed.2d 538 (1986)]. The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party. If a summary judgment motion is filed before adequate time for discovery has been provided, the nonmoving party may seek a continuance to engage in additional discovery as provided in Tennessee Rule 56.07. However, after adequate time for discovery has been provided, summary judgment should be granted if the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the existence of a genuine issue of material fact for trial. Tenn. R. Civ. P. 56.04, 56.06. The focus is on the evidence the nonmoving party comes forward with at the summary judgment stage, not on hypothetical evidence that theoretically could be adduced, despite the passage of discovery deadlines, at a future trial.

*Rye v. Women's Care Ctr. of Memphis, MPLLC,* 477 S.W.3d 235, 250, 264-65 (Tenn. 2015).

The Trial Court dismissed Plaintiff's motion for summary judgment first at the July 11 hearing and then again in its final judgment entered in May 2023. The Trial Court dismissed Plaintiff's motion due his failure to file a statement of undisputed material facts in accordance with Tennessee Rule of Civil Procedure 56.03. Rule 56.03 provides in pertinent part:

In order to assist the Court in ascertaining whether there are any material facts in dispute, any motion for summary judgment made pursuant to Rule 56 of the Tennessee Rules of Civil Procedure shall be accompanied by a separate concise statement of the material facts as to which the moving party contends there is no genuine issue for trial. Each fact shall be set forth in a separate, numbered paragraph. Each fact shall be supported by a specific citation to the record.

Plaintiff did not file a statement of undisputed material facts with his motion for summary judgment.

- 8 -

"The moving party has the ultimate burden of persuading the court that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *JCR, LLC v. Hance*, No. E2022-00765-COA-R3-CV, 2023 WL 5528597, at *4 (Tenn. Ct. App. Aug. 28, 2023) (quoting *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 83 (Tenn. 2008)). As the moving party, Plaintiff bore the initial burden to prove (1) that there were no genuine issues of material fact and (2) that he was entitled to judgment as a matter of law. In order to assist the Trial Court in its evaluation of these two questions, Plaintiff was required by Rule 56.03 to file a statement of undisputed material facts.

This Court has previously quoted the Seventh Circuit in explaining the importance of filing a statement of material facts:

As the United States Court of Appeals for the Seventh Circuit has noted, the statements of material facts filed by the parties on a motion for summary judgment

are not merely superfluous abstracts of the evidence. Rather, they are intended to alert the court to precisely what factual questions are in dispute and point the court to the specific evidence in the record that supports a party's position on each of these questions. They are, in short, roadmaps, and without them the court should not have to proceed further, regardless of how readily it might be able to distill the relevant information from the record on its own.

*Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994).

*Owens v. Bristol Motor Speedway, Inc.*, 77 S.W.3d 771, 774 (Tenn. Ct. App. 2001).

Trial courts may waive the requirements of Rule 56.03 in certain circumstances, but the Trial Court did not do so here and acted well within its discretion by choosing not to do so. *See id.* at 775 (finding that the trial court "acted within its discretion in choosing to strictly enforce those requirements" of Rule 56.03); *Holland v. City of Memphis*, 125 S.W.3d 425, 428 (Tenn. Ct. App. 2003) ("Although the trial court may, at its discretion, waive the requirements of the rule where appropriate, the court may also refuse to consider the factual contentions of a non-complying party even where such facts are ascertainable by the record."). We accordingly affirm the Trial Court's judgment dismissing Plaintiff's motion for summary judgment for failure to comply with Rule 56.03.

Plaintiff's main contention on appeal is that the Trial Court did not apply the Tennessee Rules of Civil Procedure equally to Defendant and Plaintiff, given that Defendant also failed to follow procedural rules but without consequence. Plaintiff contends: "The Plaintiff was rigidly held to the rules all the while the Defense neglected,

disregarded or ignored the rules." Although Defendant did not perfectly comply with the Tennessee Rules of Civil Procedure, we emphasize that the consequences for noncompliance with the rules depends on which rule has not been followed and which party bears the burden at that particular stage of the proceedings. Violations of different rules may result in different consequences. For example, Plaintiff's failure to comply with Rule 56.03 was fatal to his motion for summary judgment given that he bore the initial burden to prove (1) that there were no genuine issues of material fact and (2) that he was entitled to judgment as a matter of law. Therefore, although Plaintiff argues that Defendant failed to attach an exhibit to his response to Plaintiff's summary judgment motion, this lapse was inconsequential insofar as Plaintiff had not properly shifted the burden to Defendant.

Furthermore, as we have already noted, our judicial system disfavors default judgments and favors deciding cases on the merits. Although Defendant failed to timely file an answer, the law is clear that a party seeking default judgment must serve the opposing party with notice that default judgment is being sought prior to the hearing on the motion. In addition, other alleged procedural missteps by Defendant, such as failing to file an agreed upon order from the July 11 hearing, do not affect or play a part in the two rulings that Plaintiff has actually appealed—the Trial Court's denial of his motions for default judgment and summary judgment.[3] We affirm the Trial Court.

## Conclusion

Upon our review, we affirm the Trial Court's judgment. The costs on appeal are assessed against the appellant, Stephen Boesch, and his surety if any.

_____
D. MICHAEL SWINEY, CHIEF JUDGE

---

[3] As another example of Defendant's alleged failure to follow the procedural rules, Plaintiff claims that Defendant failed to properly serve him with his response to Plaintiff's motion for summary judgment. However, despite Plaintiff's contention, the certificate of service demonstrates that Plaintiff was properly served with Defendant's response.