**Paul Robert KOSMACH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–85–00985–CR.**

Court of Appeals of Texas,
Dallas.

Aug. 29, 1986.

---

**5.** Act of May 26, 1987, ch. 179, § 1, 1987 Tex.   Gen. Laws 2711–2713.

Richard A. Anderson, Dallas, for appellant.

Anne B. Wetherholt, Dallas, for appellee.

Before VANCE, HOWELL and HOLLINGSWORTH, JJ.

HOWELL, Justice.

Paul Robert Kosmach was convicted by a jury of conspiracy to commit capital murder and was assessed a life sentence. He appeals, bringing forward three grounds of error. Finding no reversible error, we affirm.

The principal contention raised by appellant is multi-faceted. He commences by urging that the testimony of two accomplice witnesses was insufficiently corroborated and must be disregarded. Appellant next emphasizes that he was tried not for murder, but for conspiracy to murder and argues that the State was, therefore, burdened to prove, not only that appellant committed the act, but that appellant *did so pursuant to a conspiracy.* He next argues that the State may have produced independent evidence sufficient to connect appellant to the overt act, but without the accomplice testimony, there was insufficient evidence that appellant acted pursuant to any conspiracy. Thus, appellant concludes that he may not be held guilty upon an indictment for conspiracy because, in his view, there is no evidence, save inadmissible accomplice testimony, that the overt act was done pursuant to a conspiracy.

◼ We reject both the premise and the conclusion. We think that the independent evidence sufficiently connected appellant both to the conspiratorial combination or agreement and to the overt act. We hold that sufficient corroboration was introduced to make admissible the accomplice testimony. We further reject the contention that each major element of the offense must be independently corroborated; if the corroboration as a whole be sufficient, the

entirety of the accomplice testimony becomes admissible.

The deceased, Danny Doyle, operated a used car lot and dabbled in jewelry and drugs. He was known to carry on his person and in his briefcase or briefcases substantial amounts of money, jewelry and drugs. On the night of January 6, 1985, the police discovered a pickup truck that deceased had been driving stopped in a ditch along an interstate highway. Deceased was found dead in the seat of the truck with the four gunshot wounds on his body. Robbery and murder were apparent. A few days later, a warrant was issued for appellant and others, and they were arrested.

The State contended at the trial that the murder was planned by Mike Selman, who recruited appellant to perform the act in return for a promised payment of either $5,000 or $10,000. The State relied in substantial part on the testimony of two accomplice witnesses, Austin Plunkett and Candice Messick. Through those witnesses the State introduced evidence indicating that a group of about six persons, including appellant, Selman, and the two accomplices, plotted the murder, assisted in luring deceased to a place favorable to perform the act, divided and hid the loot, and attempted to establish alibi evidence. As stated, we do not agree with appellant's contention that corroboration must go to the conspiratorial elements of the crime in order to make the accomplice testimony admissible as to those elements. The accomplice testimony was sufficiently corroborated.

■ In determining the sufficiency of the corroboration, the reviewing court must eliminate the accomplice testimony and weigh the other evidence to ascertain if there is inculpatory evidence that tends to connect the accused with the offense. *Vertz v. State*, 702 S.W.2d 196 (Tex.Crim. App.1986); *Cruz v. State*, 690 S.W.2d 246, 250 (Tex.Crim.App.1985). The Court of Criminal Appeals has recently addressed the corroboration issue in capital murder cases. In *Holladay v. State*, 709 S.W.2d 194 (Tex.Crim.App.1986), the court overruled previous holdings[1] that accomplice testimony must be corroborated as to the element that elevates murder into capital murder. *Holladay*, at 195. In general the corroborating testimony need only tend to link the accused to the offense; it need not corroborate every element of the offense. *Paulus v. State*, 633 S.W.2d 827, 846 (Tex. Crim.App.1982); *Wolf v. State*, 674 S.W.2d 831, 838 (Tex.App.— Corpus Christi 1984, pet. ref'd).

■ Our review of the record reveals sufficient corroborating evidence. DeSoto police investigator W.M. Broadnix testified that he searched appellant's pickup truck pursuant to a search warrant. He found hidden, in a hollow area under the hood, the deceased's passport, his property deeds and his certificates of deposit. Other independent testimony established that those papers were in deceased's personal possession immediately before his death.

Promise Lee testified that Selman gave him jewelry to fence, which jewelry was also with deceased at the time of his death. The witness was told by Selman that the jewelry was "hot" and had to be gotten rid of. The witness obtained a prospective buyer but Selman rejected the offer. Thereupon, appellant contacted the witness for the purpose of regaining the jewelry. The testimony establishes that Selman and appellant were collaborating in the disposition of the jewelry, thereby showing complicity between those two, as well as connecting appellant to the overt act.

Leigh Barnes testified that a few hours before the murder, she was present at a house where the alleged conspirators, including appellant and Selman, had a meeting. The testimony did not establish the substance of the discussions had at that time, but it nevertheless proved a means through which the conspiracy might have operated. The witness further testified that appellant later told her that he had

1. *County v. State,* 668 S.W.2d 708 (Tex.Crim. App.1984); *Fortenberry v. State,* 579 S.W.2d 482 (Tex.Crim.App.1979).

killed the deceased. When asked why, he responded, "They told me to," apparently referring back to the meeting just discussed—more corroboration of the combination or agreement.

Roger Babineaux testified that he was a friend of appellant. Two or three days after the murder, he heard Selman tell appellant to "get rid of the gun," additional evidence of complicity between Selman and appellant. The same night Babineaux drove appellant to Dallas. On the way, appellant discussed the murder and said that he had killed deceased because Selman owed him, appellant, a large amount of money and that Selman would repay appellant from his, Selman's, share of the proceeds. Babineaux later helped appellant locate the murder weapon where it was hidden. Babineaux disassembled it and threw it in a lake.

It is evident that the non-accomplice testimony tends to link appellant to the offense. Such testimony corroborates not only the fact that appellant killed Doyle but that he did so in the course of a conspiracy and that he did so for remuneration. Even under the *Fortenberry* standard, the corroboration is sufficient. Ground one is overruled.

Grounds of error two and three complain of the trial court's refusal to declare a mistrial based on certain questioning and argument by the prosecutor. During the direct examination of Roger Babineaux, the following testimony was elicited:

Q. Now, at that time ... [appellant] was your friend, right?

A. Yes.

. . . .

Q. It's kind of an unwritten rule, people like you, that you don't testify against somebody; isn't it?

A. That's right.

Q. If there comes a day when you're a free man and ... [appellant is] a free man, what are you going to do?

A. It will probably be one of us that will have to go.

An objection was sustained and the jury was instructed to disregard, but a request for mistrial was denied.

While arguing guilt/innocence, the prosecutor stated:

No, it was Roger Babineaux; wasn't it? His best friend, the one that he wrote up in Washington and says, "Come on down here, Roger."

. . . .

You remember what Roger Babineaux told you? "When I get out ..." it's going to be ... [appellant] or him, and you can believe it.

An objection was sustained, the jury instructed to disregard, and mistrial denied.

Finally, the prosecutor made the following remarks at the punishment phase:

You know, he doesn't like it because she hasn't been charged with this crime. Well, there isn't a prosecutor in the world that could have *convicted* her of this crime.

Again, objection was sustained, the jury instructed to disregard and mistrial denied. In each case appellant argues that the prosecutor injected improper speculative matters. Viewing the entire record, we hold that the questions and the argument were not so inflammatory or prejudicial that the judge's instruction could not have cured the error. *See DeBolt v. State,* 604 S.W.2d 164, 170 (Tex.Crim.App.1980). We are not persuaded of a reasonable likelihood that the jury disregarded the court's instructions and returned a verdict other than it would have otherwise rendered. Grounds of error two and three are overruled.

The judgment of the trial court is affirmed.