IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 1, 2024

IN RE ESTATE OF BARBARA JEAN HUFF

Appeal from the Chancery Court for Montgomery County
No. MC CH CV PB 22-108        Ben Dean, Chancellor

_____

No. M2023-00474-COA-R3-CV
_____

The probate court declared a will executed on September 5, 2021, to be the decedent's last will and testament and admitted it to probate. The beneficiary under an earlier will contested the validity of the 2021 will. In moving for summary judgment, the beneficiary argued that the decedent lacked testamentary capacity to make the will. Based on the undisputed facts, the trial court agreed. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and ARNOLD B. GOLDIN, J., joined.

B. Nathan Hunt, Clarksville, Tennessee, for the appellant, Kevin T. Alexis.

Jacob P. Mathis and Tiffany D. Leffler, Clarksville, Tennessee, for the appellee, Ricky L. Huff, Jr.

**OPINION**

**I.**

**A.**

Barbara Jean Huff died on February 7, 2022. Afterwards, her grandson, Ricky L. Huff, Jr., petitioned to probate a last will and testament that she signed on October 20, 1997. Mr. Huff offered to administer the decedent's estate as he was "to receive virtually all the estate assets" under the terms of the will. Shortly thereafter, Kevin Alexis, another grandson, moved to probate a last will and testament signed by the decedent on September

5, 2021. Mr. Alexis was the sole beneficiary under this will. Mr. Huff opposed his cousin's request and asked the court to certify a will contest.

After a hearing, the probate court declared the document signed on September 5, 2021, to be the last will and testament of the decedent. Although the 2021 will did not contain a self-proving affidavit, the proponent submitted affidavits from three disinterested witnesses attesting to its proper execution. *See* Tenn. Code Ann. §§ 32-1-104 (2021) (containing formal requirements for execution of a will), 32-2-110 (2021) (authorizing the probate court to accept affidavits from attesting witnesses to prove a will). Two of the attesting witnesses also testified at the hearing. Based on this proof, the court admitted the will to probate.[1] *See id.* § 32-2-104(a) (2021).

A couple of months later, by agreed order, the court granted Mr. Huff permission to contest the validity of the will. Mr. Huff moved for summary judgment. Relying on the deposition testimony of the decedent's treating physician, Mr. Huff contended that the decedent lacked testamentary capacity to execute a will on September 5, 2021. In accordance with Tennessee Rule of Civil Procedure 56.03, Mr. Huff filed a statement of undisputed material facts supported by specific citations to the record. In response, Mr. Alexis agreed that most, but not all, of those facts were undisputed. *See* TENN. R. CIV. P. 56.03.

B.

Mr. Huff relied on the following undisputed facts. Dr. Gary W. Cole had been the decedent's treating physician for the past 18 years. He was an osteopathic physician with 22 years of experience. Many of his patients, like the decedent, were geriatric. Thus, the parties agreed that he had extensive experience treating patients with dementia and Alzheimer's disease.

Dr. Cole saw the decedent in his office approximately every three months. According to Dr. Cole, the decedent had been diagnosed with Alzheimer's disease and vascular dementia. She began having issues with her mental capacity in 2018. From that point on, her condition steadily declined. She could not answer direct questions in the months leading up to her death.

Dr. Cole saw the decedent in August, September, and October 2021. In his opinion, the decedent lacked the capacity to execute a last will and testament on September 5, 2021.

---

[1] The court appointed Mr. Huff to serve as the "Administrator C.T.A." *See* Tenn. Code Ann. § 30-1-115 (2021). C.T.A. is an initialism of *cum testamento annexo*, meaning "with the will annexed." An administrator c.t.a. is "appointed by the court to carry out the provisions of a will when the testator has named no executor, or the executors named refuse, are incompetent to act, or have died before performing their duties and no qualified successor has been named." *Administrator*, BLACK'S LAW DICTIONARY (12th ed. 2024).

He opined that even with a possible lucid moment, she would have been unable to make decisions on her own. She did not have critical thinking capacity or the mental capacity to read and understand a document at the time she signed the 2021 will. She was "definitely mentally impaired."

The trial court noted that Mr. Alexis "denied" some of these facts without any supporting citations. Because this was not a proper response to a Rule 56.03 statement, the court deemed those facts admitted. *See TWB Architects, Inc. v. Braxton, LLC*, 578 S.W.3d 879, 889 n.13 (Tenn. 2019) (explaining that Rule 56.03 requires the nonmoving party to "respond to each fact by agreeing that it is undisputed, agreeing that it is undisputed only for purposes of ruling on the motion for summary judgment, or showing that the fact is disputed with a specific citation to the record").

Faced with a properly supported motion for summary judgment, Mr. Alexis did not come forward with "any proof to rebut, challenge, or stand in contrast to the . . . opinions and testimony of Dr. Cole." Because the undisputed evidence showed that the decedent lacked sufficient mental capacity to understand the import of her actions on September 5, 2021, the court granted the motion for summary judgment and declared the 2021 will "invalid, null and void."

Mr. Alexis subsequently moved to alter or amend the court's judgment based on new evidence. *See* TENN. R. CIV. P. 59.04. After a hearing, the court denied the motion. This appeal followed.

## II.

### A

The sole issue on appeal is "whether the trial court erred in granting summary judgment."[2] A trial court's decision on a motion for summary judgment enjoys no presumption of correctness on appeal. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008); *Blair v. W. Town Mall*, 130 S.W.3d 761, 763 (Tenn. 2004). We review the summary judgment decision as a question of law. *Martin*, 271 S.W.3d at 84; *Blair*, 130 S.W.3d at 763. So we review the record de novo and make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been met. *Eadie v. Complete Co.*, 142 S.W.3d 288, 291 (Tenn. 2004); *Blair*, 130 S.W.3d at 763.

---

[2] In his appellate brief, Mr. Alexis argues that the court erred in denying his motion to alter or amend the judgment, but he did not designate this as an issue in his statement of the issues. Because of this omission, we deem the issue waived. *See Hodge v. Craig*, 382 S.W.3d 325, 335 (Tenn. 2012) (recognizing "an issue may be deemed waived when it is argued in the brief but is not designated as an issue in accordance with [Tennessee Rule of Appellate Procedure] 27(a)(4)").

3

Summary judgment may be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." TENN. R. CIV. P. 56.04. The party moving for summary judgment has "the burden of persuading the court that no genuine and material factual issues exist and that it is, therefore, entitled to judgment as a matter of law." *Byrd v. Hall*, 847 S.W.2d 208, 211 (Tenn. 1993).

When the moving party bears the burden of proof at trial, "that party must produce at the summary judgment stage evidence that, if uncontroverted at trial, would entitle it to a directed verdict." *TWB Architects, Inc.*, 578 S.W.3d at 888 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986) (Brennan, J., dissenting)). If the moving party satisfies its burden, "the nonmoving party must then demonstrate, by affidavits or discovery materials, that there is a genuine, material fact dispute to warrant a trial." *Byrd*, 847 S.W.2d at 211; *see TWB Architects*, 578 S.W.3d at 888. In reviewing the record, we "must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence." *Byrd*, 847 S.W.2d at 210-11.

Proof that a will was properly executed establishes "a prima facie case of the will's validity because it gives rise to a presumption that the testator was capable of making a will." *In re Est. of Eden*, 99 S.W.3d 82, 88 (Tenn. Ct. App. 1995). The burden of proof then shifts to the will contestant to "produce evidence from which a jury could infer that the testator, at the time of executing the will, neither knew nor understood the force and consequences of his acts." *Keasler v. Est. of Keasler*, 973 S.W.2d 213, 217 (Tenn. Ct. App. 1997).

"Less mental capacity is required to make a will than to carry on business transactions generally." *Green v. Higdon*, 870 S.W.2d 513, 522 (Tenn. Ct. App. 1993). Proof of "physical weakness or disease, old age, blunt perception, or failing mind and memory," while relevant, is not conclusive. *In re Est. of Elam*, 738 S.W.2d 169, 171-72 (Tenn. 1987). The law merely requires that the testator have sufficient mental capacity to "know and understand what she is doing" at the time the will is executed. *Id.* at 172.

As Mr. Alexis points out, "[i]n determining testamentary capacity, the mental condition of the testator at the very time of executing the will is the only point of inquiry." *Id.* (quoting *Am. Tr. & Banking Co. v. Williams*, 225 S.W.2d 79, 84 (Tenn. Ct. App. 1948)). He argues that Dr. Cole did not see the decedent in close enough proximity to the date of execution to provide relevant evidence as to her mental capacity. But evidence of the testator's mental condition "both before and after making the will, if not too remote in point of time," may be used to establish lack of testamentary capacity. *Id.* (quoting *Am. Tr. & Banking Co.*, 225 S.W.2d at 84). Contrary to Mr. Alexis's contentions on appeal, it is undisputed that Dr. Cole saw the decedent on August 5, 2021, and in the following

September and October. While Mr. Alexis "denied" the September and October visits occurred, he failed to demonstrate a material factual dispute "by specific citation to the record." *See* TENN. R. CIV. P. 56.03. So the trial court properly deemed these facts undisputed for purposes of summary judgment.

Mr. Alexis also complains that Dr. Cole did not testify specifically about the decedent's mental condition on August 5, 2021. Such testimony, while possibly helpful, was unnecessary here. Dr. Cole was the decedent's treating physician for 18 years. The decedent suffered from both Alzheimer's disease and vascular dementia. Dr. Cole saw her approximately every three months until her death and noted a steady decline in her mental condition. Based on these frequent visits, Dr. Cole was well qualified to opine as to the decedent's testamentary capacity on September 5, 2021. In his opinion, the decedent did not have the mental capacity to read and understand a document on the day she signed the will. And "[e]ven with a possible lucid moment," she "would have been unable to make decisions on her own" at that time.

Faced with a properly supported motion for summary judgment, it was incumbent upon Mr. Alexis to come forward with "specific facts, not legal conclusions, by using affidavits or the discovery materials listed in Rule 56.03," showing that a trial was warranted. *Byrd*, 847 S.W.2d at 215. Mr. Alexis contends that he met this burden. The record does not support his argument.

Mr. Alexis cites the three lay witness affidavits he filed when he sought to probate the will as evidence of a genuine fact dispute on testamentary capacity. All three witnesses opined "[t]hat as of the time of the signing . . . [the decedent] was of sound mind." Mr. Alexis's reliance on these affidavits is misplaced for two reasons. First, he failed to bring these affidavits to the court's attention in response to the motion for summary judgment. As the trial court recognized, Mr. Alexis "did not submit[] any evidence in response to the pending Motion for Summary Judgment." He did not "prepare a statement of disputed facts" or "file any affidavits, transcripts or evidence in furtherance of establishing a genuine disputed issue of material fact for trial." He did not cite to the lay witness affidavits in response to Mr. Huff's Rule 56.03 statement. *See* TENN. R. CIV. P. 56.03; *see also Owens v. Bristol Motor Speedway, Inc.*, 77 S.W.3d 771, 774 (Tenn. Ct. App. 2001) ("recogniz[ing] that a nonmoving party's failure to comply with Rule 56.03 may result in the trial court's refusal to consider the factual contentions of the nonmoving party even though those facts could be ascertained from the record"). Simply mentioning the affidavits in his response brief was not enough to alert the court of his intent to use the affidavits for this purpose.

Second, none of the lay witnesses provided a factual basis for their conclusory opinions. The opinions of lay witnesses on testamentary capacity "are admissible . . . if they are based on details of conversations, appearances, conduct or other particular facts from which the [testator's] state of mind may be judged." *In re Est. of Elam*, 738 S.W.2d

at 172; *In re Est. of Smallman*, 398 S.W.3d 134, 160 (Tenn. 2013). But the opinions themselves "are not evidence." *Melody v. Hamblin*, 115 S.W.2d 237, 242-43 (Tenn. Ct. App. 1937). It is the factual basis of the opinion—"the facts detailed" and "the conduct described" by the lay witnesses—that constitutes evidence. *Am. Tr. & Banking Co.*, 225 S.W.2d at 84; *accord Bills v. Lindsay*, 909 S.W.2d 434, 439 (Tenn. Ct. App. 1993). We cannot simply infer the missing facts. If the lay witness "does not testify to such facts, his mere general conclusion is not evidence, and is entitled to no weight." *Fitch v. Am. Tr. Co.*, 4 Tenn. App. 87, 101-02 (1926).

B.

Mr. Huff requests an award of attorney's fees for defending against a frivolous appeal. Tenn. Code Ann. § 27-1-122 (2017). A frivolous appeal is one "utterly devoid of merit." *Combustion Eng'g, Inc. v. Kennedy*, 562 S.W.2d 202, 205 (Tenn. 1978). This appeal was not devoid of merit; it was unsuccessful, not frivolous. *See Coolidge v. Keene*, 614 S.W.3d 106, 120 (Tenn. Ct. App. 2020). So we decline to award fees for a frivolous appeal.

**III.**

Mr. Huff produced evidence that, if uncontroverted at trial, would have entitled him to a directed verdict. In response, Mr. Alexis failed to demonstrate that there was a genuine, material fact dispute to warrant a trial. So we affirm the grant of summary judgment.

_s/ W. Neal McBrayer_
W. NEAL MᴄBRAYER, JUDGE

6